**E-FILED**
Tuesday, 31 August, 2004 01:27:13 PM
Clerk, U.S. District Court, ILCD

## IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
## CHAMPAIGN COUNTY, ILLINOIS

CASS TELEPHONE COMPANY,                )
    Plaintiff,                                )
                              )
v.                                                      )
                              )    Case No. 04-L- 172
McLEODUSA HOLDINGS, INC.,          )
    Defendant.                               )

### SUMMONS

To the Defendant:    McLEODUSA HOLDINGS, INC.
                              c/o The Corporation Trust Company
                              Corporation Trust Center
                              1209 Orange Street
                              Wilmington, Delaware  19801

       YOU ARE SUMMONED and required to file an answer to the Complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, in the office of the clerk of this court on the second floor of the Courthouse, Urbana, Illinois, within 30 days after service of this summons, not counting the day of service.

       **IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.**

       To the Officer:

       This summons must be returned by the officer or other person to whom it was given for service, with indorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so indorsed.
       This summons may not be served later than 30 days after its date.

               Witness: _July 29_ , 2004.

               _Linda S. Frank pm_
               Clerk of Court

(Seal of the Court)

Keith E. Emmons, MEYER CAPEL, A Professional Corporation
306 W. Church Street / P.O. Box 6750
Champaign, IL  61826-6750
Telephone: 217/352-1800 / Facsimile: 217/352-1083

                  Date of Service:_____, 2004.
      (To be inserted by server on copy left with defendant or other person)

**FILED**

SIXTH JUDICIAL CIRCUIT

JUL 29 2004

Linda S. Frank

CLERK OF THE CIRCUIT COURT
CHAMPAIGN COUNTY, ILLINOIS

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
CHAMPAIGN COUNTY, ILLINOIS

| | |
|---|---|
| CASS TELEPHONE COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 04-L- 172 |
| | ) |
| McLEODUSA HOLDINGS, INC., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Now Comes Cass Telephone Company f/k/a Cass County Telephone Company ("Cass"),

Plaintiff, by its attorneys Meyer Capel, A Professional Corporation, and for its Complaint against

McLeodUSA Holdings, Inc. ("McLeod") states a follows:

### COUNT I
### BREACH OF CONTRACT

1.     Cass is a corporation organized and existing under the laws of the State of Illinois

with its principal place of business in Cass County, Illinois.

2.     Illinois Consolidated Mobile Communications, Inc. ("Consolidated") is a

corporation that, at all relevant times, was organized under the laws of the State of Illinois and

had its principal place of business in Mattoon, Illinois.

3.     McLeod is a corporation organized and existing under the laws of the State of

Delaware. Several years ago McLeod succeeded to the interests of Consolidated in the

Areement referenced in Count I, Paragraph 4 below, and held such interests at all relevant times.

1

4.      On or about October 31, 1986 Cass and Consolidated entered into an agreement (the "MCA Agreement") establishing Midwest Cellular Associates ("MCA"), a general partnership pursuant to the then applicable provisions of the Illinois Uniform Partnership Act. In this Complaint, Cass's partner in MCA is referred to as McLeod, Consolidated's successor in interest. Section 15.6 of the MCA Agreement (titled, "Applicable Law") provides in relevant part as follows: "This Agreement and the rights and obligations of the Partners shall be interpreted in accordance with the laws of the state of Illinois..." (A copy of the MCA Agreement is attached hereto as Exhibit A.)

5.      MCA was formed to acquire, own and, if appropriate or desirable, sell or otherwise dispose of its interest in Illinois SMSA Limited Partnership ("ILLSMSA")(Section 1.3 of the MCA Agreement, titled, "Business Purpose") a limited partnership organized in 1987, pursuant to then applicable provisions of the Illinois Revised Limited Partnership Act, and in which MCA acquired its 27.353% partnership interest subsequent to the formation of MCA.

6.      One of the business purposes of ILLSMSA (Section 2.3 of the ILLSMSA Agreement, titled, "Business Purpose") was to provide Cellular Service to residents of Champaign County and surrounding areas. (A copy of the ILLSMSA Agreement is attached hereto as Exhibit B.)

7.      ILLSMSA has its principal office in Schaumburg, IL (Section 2.2 (b) of the ILLSMSA Agreement, titled, "Name and Office").

8.      ILLSMSA operates cell towers and, doing business under its trade name Verizon Wireless, operates a retail outlet in Champaign County and provides services to thousands of cellular customers in Champaign County, Illinois.

9.      The MCA partnership interest possessed by McLeod was 95% and the MCA partnership interest possessed by Cass was 5%. (Section 4.1 (A) and (B) of the MCA Agreement, titled, "Initial Capital Contributions")

10.     McLeod was designated as the MCA Managing Partner pursuant the MCA Agreement. (Section 2.7 of the MCA Agreement, titled, "Managing Partner")

11.     Section 7.1 of the MCA Agreement (titled, "Duty of the Managing Partner") provides as follows: "The Managing Partner will at all times act in a fiduciary capacity and in the best interests of the Partnership."

12.     This cause of action arises: from a breach of fiduciary duty within Illinois; from the performance of the MCA and ILLSMSA Agreements, which are substantially connected with Illinois; and from MCA's acquisition of ownership in ILLSMSA, which is an asset or thing of value present within Illinois, and as such, jurisdiction is proper in Illinois. (Section 2-209 of the Illinois Code of Civil Procedure, 735 ILCS 5/2-209)

13.     Section 7.7 of the MCA Agreement (titled, "Independent Activities Within Area") provides in relevant part as follows: "Except as permitted above*, neither the Managing Partner nor any Affiliates thereof shall be permitted, directly or indirectly, to provide Cellular Service or engage in the sale or lease of terminal equipment used in connection therewith in competition with the Partnership (ILLSMSA) in any area in which the Operating Partnership (ILLSMSA) is providing or is licensed to provide Cellular Service." **\*The exceptions referenced in the quoted language in the MCA Agreement are not relevant or applicable here.**

14.     On October 28, 2003, McLeod sent a notice to the General Partner of ILLSMSA referencing and advising it that "...McLeodUSA Telecommunications Services, Inc., an Affiliate

3

of MCA Cellular Associates [*sic*] [1] and a subsidiary of its Managing Partner, is in the process of offering Cellular Services within the Territory and therefore must withdraw from the Partnership pursuant to Section 6.12 of the Agreement, and triggering the voluntary withdrawal provisions of section 9.1 of the Agreement." (A copy of that letter notice is attached hereto as Exhibit C. The term "Territory" is defined in the ILLSMSA Agreement and is used with the meaning ascribed therein.) McLeod's own website confirmed that it was already offering said Cellular Services on the date of the above-said letter and therefore, by implication, it had clearly undertaken numerous predicate business and technical activities necessary to be offering said Cellular Services on that date. (A printed copy of the information displayed on McLeod's website is attached hereto as Exhibit D.)

15.    McLeodUSA Telecommunications Services, Inc. ("MUSATS"), is an Affiliate and subsidiary of McLeod and does business in Champaign County, Illinois.

16.    Venue is proper in Champaign County, Illinois because the transaction or some part of the transaction out of which the cause of action arose in this county, namely MUSATS, as an Affiliate of McLeod, providing Cellular Services (Section 2.3 of the MCA Agreement, titled, "Cellular Service" and Section 1.11 of the ILLSMSA Agreement, also titled, "Cellular Service") in Champaign County, IL. (Section 2-101 of the Illinois Code of Civil Procedure, 735 ILCS 5/2-101)

17.    In unilaterally electing to offer Cellular Services through its Affiliate and subsidiary, MUSATS, without prior disclosure to or the consent of Cass, McLeod breached the MCA Agreement and its fiduciary duty therein set forth to the damage of Cass by:

---

[1]Pursuant to section 2.1 of the MCA Agreement, McLeodUSA Telecommunications Services, Inc. is actually an Affiliate of McLeod, not of MCA.

4

A.    Offering Cellular Services through MUSATS, an Affiliate and subsidiary of McLeod within the Territory despite the fact that Section 7.7 of the MCA Agreement (titled, "Independent Activities Within the Area") specifically precludes such conduct.

B.    Failing to use its best efforts as Managing Partner to cause the Partnership to observe and perform each and every obligation under all agreements and undertakings made by the Partnership as required by Section 7.7 of the MCA Agreement (titled, "Independent Activities Within the Area") to wit: permitting its own Affiliate and subsidiary, MUSATS, to engage in providing Cellular Service as conceded in Exhibit B to this Complaint.

C.    Violating Section 1.3 of the MCA Agreement (titled, "Business Purpose") by offering Cellular Services through MUSATS, an Affiliate of McLeod, within the Territory thereby forcing the withdrawal of MCA from ILLSMSA and the concomitant loss of MCA's interest in ILLSMSA.

D.    Failing to act in the best interests of the MCA Partnership as required by Section 7.1 of the MCA Agreement (titled, "Duty of the Managing Partner") by offering Cellular Services through its Affiliate and subsidiary, MUSATS, within the Territory.

E.    Unilaterally terminating the MCA partnership without the consent of both parties in violation of Section 11.1(e) of the MCA Agreement (titled, "Dissolution") by offering Cellular Services through its Affiliate and subsidiary, MUSATS, within the Territory.

18.    Cass has performed all required of it under the MCA Agreement.

19.    By virtue of the foregoing breaches of the MCA Agreement by McLeod, Cass has been damaged in an amount in excess of $1,365,000.00, which represents the difference in the market value of Cass' interest in MCA of more than $1,900,000.00, less its capital account of approximately $535,000.00, which has been returned to it as part of the termination and winding up of MCA.

5

WHEREFORE, Cass prays for judgment against McLeod in an amount in excess of $1,365,000.00 plus its costs of suit.

## COUNT II
### BREACH OF COMMON LAW FIDUCIARY DUTY

21-36. Cass adopts and realleges paragraphs 1- 16 of Count I as and for paragraphs 21-36 of Count II as if the same were fully set forth herein.

37.    As MCA Managing Partner, McLeod owed a common law fiduciary duty to Cass.

38.    McLeod breached its common law fiduciary duty to Cass by:

A.    Failing to disclose to Cass that it was going to offer Cellular Services through its Affiliate and subsidiary, MUSATS, within the Territory and failing to obtain Cass' consent thereto.

B.    Unilaterally offering Cellular Services through its Affiliate and subsidiary, MUSATS, in contravention of the ILLSMSA Agreement, thereby necessitating the MCA withdrawal from the ILLSMSA and the resulting loss of value of Cass' interest in MCA.

C.    Failing to act with the utmost good faith in all dealings and transactions that affected Cass' interest in MCA, to wit: offering Cellular Service through its Affiliate and subsidiary, MUSATS, in violation of the MCA Agreement thereby benefiting McLeod to the detriment of Cass.

D. Unilaterally terminating the MCA partnership without the consent of both parties by offering Cellular Services through its Affiliate and subsidiary, MUSATS, within the Territory.

39.    By virtue of the foregoing breaches of common law fiduciary duty by McLeod, Cass has been damaged in an amount in excess of $1,365,000.00 which represents the difference in the market value of Cass' interest in MCA of more than $1,900,000.00 less its capital account

6

of approximately \$535,000.00 which has been returned to it as part of the termination and winding up of MCA.

40.    McLeod's actions violating its fiduciary duty to Cass were done knowingly and with a reckless indifference to the interests of Cass in MCA entitling Cass to punitive damages in excess of \$5,000,000.00.

WHEREFORE, Cass prays for judgment against McLeod for compensatory damages in an amount in excess of \$1,365,000.00 and for punitive damages in an amount in excess of \$5,000,000.00 plus its costs of suit.

## COUNT III
## TORTIOUS INTERFERENCE WITH BUSINESS EXPECTATION

41-56.  Cass adopts and realleges paragraphs 1-16 of Count I as and for paragraphs 41-56 of Count III as if the same were fully set forth herein.

57.    As MCA Managing Partner, McLeod owed contractual and common-law fiduciary duties to Cass.

58.    In unilaterally electing to offer Cellular Services through its Affiliate and subsidiary, MUSATS, in the Territory, McLeod, while acting under its fiduciary duty to MCA and Cass, tortiously interfered with Cass' reasonable business expectations and opportunities embodied in the MCA Agreement as follows:

A.    As a party with Cass to the MCA Agreement and with full knowledge of MCA's participation in ILLSMSA Agreement, McLeod possessed knowledge of the business purposes, expectations and opportunities embodied in those Agreements.

B.    As a party with Cass to the MCA Agreement and with full knowledge of MCA's participation in ILLSMSA Agreement, McLeod was fully aware that Cass possessed knowledge of the business purposes of the Agreements and possessed the expectation of

7

benefiting from the business opportunities embodied in those Agreements through the provision of Cellular Services within the Territory.

     C.    Notwithstanding McLeod's participation as a party with Cass to the MCA Agreement and with full knowledge of MCA' s participation in ILLSMSA Agreement. McLeod took advantage of a business opportunity which belonged to MCA and that would have benefited Cass as an MCA partner and intentionally, without justification and without notice to Cass offered Cellular Services through its Affiliate and subsidiary, MUSATS, within the Territory knowing that the provision of said Cellular Services by MUSATS would prevent Cass' realization of its business expectations pursuant to the above Agreements.

     59.    By virtue its actions while acting under its fiduciary duty to MCA and Cass, McLeod tortiously interfered with MCA and Cass' reasonable business expectations and opportunities and MCA has been damaged by the loss of its expected profits and earnings from such lost opportunities and which would have benefited Cass as an MCA partner and, accordingly, Cass is entitled to punitive damages in excess of $5,000,000.00.

    WHEREFORE, Cass prays judgment against McLeod for compensatory damages in an amount to be determined in excess of $50,000.00 and for punitive damages in excess of $5,000,000.00, plus its cost of suit.

## COUNT IV
## ACCOUNTING

    60-75.    Cass adopts and realleges paragraphs 1- 16 of Count I as and for paragraphs 60-75 of Count III as if the same were fully set forth herein.

    76.    Section 6.3 of the MCA Agreement (titled, Rights of Other Partners) provides in relevant part as follows:

    Each Partner that is not a Managing Partner shall have the right to:

8

(a)    inspect and copy, through employees of such Partner or its duly authorized agents or representatives, any Partnership books of record, accounting records, financial statements, or other records or reports;

(b)    have on demand a true and full information of all things affecting the Partnership and a formal account of Partnership affairs;...and

(f)    inspect and copy, through employees of such Partner or its duly authorized agents or representatives upon reasonable notice to Managing Partner, the books of record, accounting records, financial statements, or other records or reports of the Managing Partner relating to its operation of the Partnership.

77.    The Illinois Uniform Partnership Act provides at Section 22 (805 ILCS 205/22) in relevant part as follows:

"Any partner shall have the right to a formal account as to partnership affairs:

(a)    If he is wrongfully excluded from the partnership business or possession of its property by his co-partners,

(b)    If the right exists under the terms of any agreement,

(c)    As provided by Section 21,

(d)    Whenever other circumstances render it just and reasonable.

78.    The Illinois Uniform Partnership Act provides at Section 21 (805 ILCS 205/21) in relevant part as follows: "Every partner must account to the partnership for any benefit, and hold as trustee for it any profits derived by him without the consent of the partners from any transaction connected with the formation, conduct, or liquidation of the partnership or from any use by him of its property."

79.    Despite requests by Cass, McLeod has failed to provide true and full information of all things affecting the Partnership and a formal account of Partnership affairs, and McLeod

9

•

has also not provided a formal account for the profits and benefits derived by McLeod from unilaterally electing to offer Cellular Services through its Affiliate and subsidiary, MUSATS, in the Territory without prior disclosure to or consent of Cass in breach of the MCA Agreement and McLeod's fiduciary duties.

WHEREFORE, Cass prays that McLeod be compelled to account as to all transactions, profits and benefits derived by McLeod from unilaterally electing to offer Cellular Services in the Territory through its affiliate, MUSATS as described above and that McLeod be ordered to pay over to Cass the proportionate sums found to be due Cass upon the completion of said accounting.

CASS TELEPHONE COMPANY,
Plaintiff

By:    Meyer Capel, a Professional Corporation

By:    _____
       Keith E. Emmons

Keith E. Emmons
MEYER CAPEL, A Professional Corporation
306 W. Church Street
P.O. Box 6750
Champaign, IL  61826-6750
Telephone:    217/352-1800
Facsimile:    217/352-1083

10

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
CHAMPAIGN COUNTY, ILLINOIS

CASS TELEPHONE COMPANY,          )
    Plaintiff,                   )
                                 )
v.                               )
                                 )    Case No. 04-L- 172
McLEODUSA HOLDINGS, INC.,         )
    Defendant.                   )

## SUMMONS

To the Defendant:    McLEODUSA HOLDINGS, INC.
                      c/o The Corporation Trust Company
                      Corporation Trust Center
                      1209 Orange Street
                      Wilmington, Delaware  19801

        YOU ARE SUMMONED and required to file an answer to the Complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, in the office of the clerk of this court on the second floor of the Courthouse, Urbana, Illinois, within 30 days after service of this summons, not counting the day of service.

        **IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.**

        To the Officer:

        This summons must be returned by the officer or other person to whom it was given for service, with indorsement of service and fees, if any, immediately after service.  If service cannot be made, this summons shall be returned so indorsed.
        This summons may not be served later than 30 days after its date.

        Witness: _July 29_, 2004.

        _Linda S. Frank pm_
        Clerk of Court

(Seal of the Court)

Keith E. Emmons, MEYER CAPEL, A Professional Corporation
306 W. Church Street / P.O. Box 6750
Champaign, IL  61826-6750
Telephone:  217/352-1800 / Facsimile:  217/352-1083

            Date of Service:_____, 2004.
      (To be inserted by server on copy left with defendant or other person)

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
CHAMPAIGN COUNTY, ILLINOIS

CASS TELEPHONE COMPANY,                )
                                       )
        Plaintiff,                     )
                                       )
v.                                     )    Case No. 04-L- 172
                                       )
McLEODUSA HOLDINGS, INC.,              )
                                       )
        Defendant.                     )

## COMPLAINT

Now Comes Cass Telephone Company f/k/a Cass County Telephone Company ("Cass"),

Plaintiff, by its attorneys Meyer Capel, A Professional Corporation, and for its Complaint against

McLeodUSA Holdings, Inc. ("McLeod") states a follows:

## COUNT I
## BREACH OF CONTRACT

1.      Cass is a corporation organized and existing under the laws of the State of Illinois

with its principal place of business in Cass County, Illinois.

2.      Illinois Consolidated Mobile Communications, Inc. ("Consolidated") is a

corporation that, at all relevant times, was organized under the laws of the State of Illinois and

had its principal place of business in Mattoon, Illinois.

3.      McLeod is a corporation organized and existing under the laws of the State of

Delaware. Several years ago McLeod succeeded to the interests of Consolidated in the

Areement referenced in Count I, Paragraph 4 below, and held such interests at all relevant times.

1

4. On or about October 31, 1986 Cass and Consolidated entered into an agreement (the "MCA Agreement") establishing Midwest Cellular Associates ("MCA"), a general partnership pursuant to the then applicable provisions of the Illinois Uniform Partnership Act. In this Complaint, Cass's partner in MCA is referred to as McLeod, Consolidated's successor in interest. Section 15.6 of the MCA Agreement (titled, "Applicable Law") provides in relevant part as follows: "This Agreement and the rights and obligations of the Partners shall be interpreted in accordance with the laws of the state of Illinois..." (A copy of the MCA Agreement is attached hereto as Exhibit A.)

5. MCA was formed to acquire, own and, if appropriate or desirable, sell or otherwise dispose of its interest in Illinois SMSA Limited Partnership ("ILLSMSA")(Section 1.3 of the MCA Agreement, titled, "Business Purpose") a limited partnership organized in 1987, pursuant to then applicable provisions of the Illinois Revised Limited Partnership Act, and in which MCA acquired its 27.353% partnership interest subsequent to the formation of MCA.

6. One of the business purposes of ILLSMSA (Section 2.3 of the ILLSMSA Agreement, titled, "Business Purpose") was to provide Cellular Service to residents of Champaign County and surrounding areas. (A copy of the ILLSMSA Agreement is attached hereto as Exhibit B.)

7. ILLSMSA has its principal office in Schaumburg, IL (Section 2.2 (b) of the ILLSMSA Agreement, titled, "Name and Office").

8. ILLSMSA operates cell towers and, doing business under its trade name Verizon Wireless, operates a retail outlet in Champaign County and provides services to thousands of cellular customers in Champaign County, Illinois.

2

9.     The MCA partnership interest possessed by McLeod was 95% and the MCA partnership interest possessed by Cass was 5%. (Section 4.1 (A) and (B) of the MCA Agreement, titled, "Initial Capital Contributions")

10.    McLeod was designated as the MCA Managing Partner pursuant the MCA Agreement. (Section 2.7 of the MCA Agreement, titled, "Managing Partner")

11.    Section 7.1 of the MCA Agreement (titled, "Duty of the Managing Partner") provides as follows: "The Managing Partner will at all times act in a fiduciary capacity and in the best interests of the Partnership."

12.    This cause of action arises: from a breach of fiduciary duty within Illinois; from the performance of the MCA and ILLSMSA Agreements, which are substantially connected with Illinois; and from MCA's acquisition of ownership in ILLSMSA, which is an asset or thing of value present within Illinois, and as such, jurisdiction is proper in Illinois. (Section 2-209 of the Illinois Code of Civil Procedure, 735 ILCS 5/2-209)

13.    Section 7.7 of the MCA Agreement (titled, "Independent Activities Within Area") provides in relevant part as follows: "Except as permitted above*, neither the Managing Partner nor any Affiliates thereof shall be permitted, directly or indirectly, to provide Cellular Service or engage in the sale or lease of terminal equipment used in connection therewith in competition with the Partnership (ILLSMSA) in any area in which the Operating Partnership (ILLSMSA) is providing or is licensed to provide Cellular Service." **The exceptions referenced in the quoted language in the MCA Agreement are not relevant or applicable here.**

14.    On October 28, 2003, McLeod sent a notice to the General Partner of ILLSMSA referencing and advising it that "...McLeodUSA Telecommunications Services, Inc., an Affiliate

3

of MCA Cellular Associates [*sic*] [1] and a subsidiary of its Managing Partner, is in the process of offering Cellular Services within the Territory and therefore must withdraw from the Partnership pursuant to Section 6.12 of the Agreement, and triggering the voluntary withdrawal provisions of section 9.1 of the Agreement." (A copy of that letter notice is attached hereto as Exhibit C. The term "Territory" is defined in the ILLSMSA Agreement and is used with the meaning ascribed therein.) McLeod's own website confirmed that it was already offering said Cellular Services on the date of the above-said letter and therefore, by implication, it had clearly undertaken numerous predicate business and technical activities necessary to be offering said Cellular Services on that date. (A printed copy of the information displayed on McLeod's website is attached hereto as Exhibit D.)

15.    McLeodUSA Telecommunications Services, Inc. ("MUSATS"), is an Affiliate and subsidiary of McLeod and does business in Champaign County, Illinois.

16.    Venue is proper in Champaign County, Illinois because the transaction or some part of the transaction out of which the cause of action arose in this county, namely MUSATS, as an Affiliate of McLeod, providing Cellular Services (Section 2.3 of the MCA Agreement, titled, "Cellular Service" and Section 1.11 of the ILLSMSA Agreement, also titled, "Cellular Service") in Champaign County, IL. (Section 2-101 of the Illinois Code of Civil Procedure, 735 ILCS 5/2-101)

17.    In unilaterally electing to offer Cellular Services through its Affiliate and subsidiary, MUSATS, without prior disclosure to or the consent of Cass, McLeod breached the MCA Agreement and its fiduciary duty therein set forth to the damage of Cass by:

---

[1]Pursuant to section 2.1 of the MCA Agreement, McLeodUSA Telecommunications Services, Inc. is actually an Affiliate of McLeod, not of MCA.

4

A.      Offering Cellular Services through MUSATS, an Affiliate and subsidiary of McLeod within the Territory despite the fact that Section 7.7 of the MCA Agreement (titled, "Independent Activities Within the Area") specifically precludes such conduct.

B.      Failing to use its best efforts as Managing Partner to cause the Partnership to observe and perform each and every obligation under all agreements and undertakings made by the Partnership as required by Section 7.7 of the MCA Agreement (titled, "Independent Activities Within the Area") to wit: permitting its own Affiliate and subsidiary, MUSATS, to engage in providing Cellular Service as conceded in Exhibit B to this Complaint.

C.      Violating Section 1.3 of the MCA Agreement (titled, "Business Purpose") by offering Cellular Services through MUSATS, an Affiliate of McLeod, within the Territory thereby forcing the withdrawal of MCA from ILLSMSA and the concomitant loss of MCA's interest in ILLSMSA.

D.      Failing to act in the best interests of the MCA Partnership as required by Section 7.1 of the MCA Agreement (titled, "Duty of the Managing Partner") by offering Cellular Services through its Affiliate and subsidiary, MUSATS, within the Territory.

E.      Unilaterally terminating the MCA partnership without the consent of both parties in violation of Section 11.1(e) of the MCA Agreement (titled, "Dissolution") by offering Cellular Services through its Affiliate and subsidiary, MUSATS, within the Territory.

18.      Cass has performed all required of it under the MCA Agreement.

19.      By virtue of the foregoing breaches of the MCA Agreement by McLeod, Cass has been damaged in an amount in excess of $1,365,000.00, which represents the difference in the market value of Cass' interest in MCA of more than $1,900,000.00, less its capital account of approximately $535,000.00, which has been returned to it as part of the termination and winding up of MCA.

5

WHEREFORE, Cass prays for judgment against McLeod in an amount in excess of $1,365,000.00 plus its costs of suit.

## COUNT II
## BREACH OF COMMON LAW FIDUCIARY DUTY

21-36. Cass adopts and realleges paragraphs 1- 16 of Count I as and for paragraphs 21-36 of Count II as if the same were fully set forth herein.

37.    As MCA Managing Partner, McLeod owed a common law fiduciary duty to Cass.

38.    McLeod breached its common law fiduciary duty to Cass by:

A.    Failing to disclose to Cass that it was going to offer Cellular Services through its Affiliate and subsidiary, MUSATS, within the Territory and failing to obtain Cass' consent thereto.

B.    Unilaterally offering Cellular Services through its Affiliate and subsidiary, MUSATS, in contravention of the ILLSMSA Agreement, thereby necessitating the MCA withdrawal from the ILLSMSA and the resulting loss of value of Cass' interest in MCA.

C.    Failing to act with the utmost good faith in all dealings and transactions that affected Cass' interest in MCA, to wit: offering Cellular Service through its Affiliate and subsidiary, MUSATS, in violation of the MCA Agreement thereby benefiting McLeod to the detriment of Cass.

D. Unilaterally terminating the MCA partnership without the consent of both parties by offering Cellular Services through its Affiliate and subsidiary, MUSATS, within the Territory.

39.    By virtue of the foregoing breaches of common law fiduciary duty by McLeod, Cass has been damaged in an amount in excess of $1,365,000.00 which represents the difference in the market value of Cass' interest in MCA of more than $1,900,000.00 less its capital account

6

of approximately $535,000.00 which has been returned to it as part of the termination and winding up of MCA.

40.      McLeod's actions violating its fiduciary duty to Cass were done knowingly and with a reckless indifference to the interests of Cass in MCA entitling Cass to punitive damages in excess of $5,000,000.00.

WHEREFORE, Cass prays for judgment against McLeod for compensatory damages in an amount in excess of $1,365,000.00 and for punitive damages in an amount in excess of $5,000,000.00 plus its costs of suit.

## COUNT III
## TORTIOUS INTERFERENCE WITH BUSINESS EXPECTATION

41-56.  Cass adopts and realleges paragraphs 1-16 of Count I as and for paragraphs 41-56 of Count III as if the same were fully set forth herein.

57.      As MCA Managing Partner, McLeod owed contractual and common-law fiduciary duties to Cass.

58.      In unilaterally electing to offer Cellular Services through its Affiliate and subsidiary, MUSATS, in the Territory, McLeod, while acting under its fiduciary duty to MCA and Cass, tortiously interfered with Cass' reasonable business expectations and opportunities embodied in the MCA Agreement as follows:

A.      As a party with Cass to the MCA Agreement and with full knowledge of MCA' s participation in ILLSMSA Agreement, McLeod possessed knowledge of the business purposes, expectations and opportunities embodied in those Agreements.

B.      As a party with Cass to the MCA Agreement and with full knowledge of MCA' s participation in ILLSMSA Agreement, McLeod was fully aware that Cass possessed knowledge of the business purposes of the Agreements and possessed the expectation of

7

benefiting from the business opportunities embodied in those Agreements through the provision of Cellular Services within the Territory.

        C.     Notwithstanding McLeod's participation as a party with Cass to the MCA Agreement and with full knowledge of MCA' s participation in ILLSMSA Agreement, McLeod took advantage of a business opportunity which belonged to MCA and that would have benefited Cass as an MCA partner and intentionally, without justification and without notice to Cass offered Cellular Services through its Affiliate and subsidiary, MUSATS, within the Territory knowing that the provision of said Cellular Services by MUSATS would prevent Cass' realization.of its business expectations pursuant to the above Agreements.

        59.     By virtue its actions while acting under its fiduciary duty to MCA and Cass, McLeod tortiously interfered with MCA and Cass' reasonable business expectations and opportunities and MCA has been damaged by the loss of its expected profits and earnings from such lost opportunities and which would have benefited Cass as an MCA partner and, accordingly, Cass is entitled to punitive damages in excess of $5,000,000.00.

        WHEREFORE, Cass prays judgment against McLeod for compensatory damages in an amount to be determined in excess of $50,000.00 and for punitive damages in excess of $5,000,000.00, plus its cost of suit.

**COUNT IV
ACCOUNTING**

        60-75. Cass adopts and realleges paragraphs 1- 16 of Count I as and for paragraphs 60-75 of Count III as if the same were fully set forth herein.

        76.     Section 6.3 of the MCA Agreement (titled, Rights of Other Partners) provides in relevant part as follows:

        Each Partner that is not a Managing Partner shall have the right to:

8

(a)     inspect and copy, through employees of such Partner or its duly authorized agents or representatives, any Partnership books of record, accounting records, financial statements, or other records or reports;

(b)     have on demand a true and full information of all things affecting the Partnership and a formal account of Partnership affairs;…and

(f)     inspect and copy, through employees of such Partner or its duly authorized agents or representatives upon reasonable notice to Managing Partner, the books of record, accounting records, financial statements, or other records or reports of the Managing Partner relating to its operation of the Partnership.

77.     The Illinois Uniform Partnership Act provides at Section 22 (805 ILCS 205/22) in relevant part as follows:

"Any partner shall have the right to a formal account as to partnership affairs:

(a)     If he is wrongfully excluded from the partnership business or possession of its property by his co-partners,

(b)     If the right exists under the terms of any agreement,

(c)     As provided by Section 21,

(d)     Whenever other circumstances render it just and reasonable.

78.     The Illinois Uniform Partnership Act provides at Section 21 (805 ILCS 205/21) in relevant part as follows: "Every partner must account to the partnership for any benefit, and hold as trustee for it any profits derived by him without the consent of the partners from any transaction connected with the formation, conduct, or liquidation of the partnership or from any use by him of its property."

79.     Despite requests by Cass, McLeod has failed to provide true and full information of all things affecting the Partnership and a formal account of Partnership affairs, and McLeod

9

has also not provided a formal account for the profits and benefits derived by McLeod from unilaterally electing to offer Cellular Services through its Affiliate and subsidiary, MUSATS, in the Territory without prior disclosure to or consent of Cass in breach of the MCA Agreement and McLeod's fiduciary duties.

WHEREFORE, Cass prays that McLeod be compelled to account as to all transactions, profits and benefits derived by McLeod from unilaterally electing to offer Cellular Services in the Territory through its affiliate, MUSATS as described above and that McLeod be ordered to pay over to Cass the proportionate sums found to be due Cass upon the completion of said accounting.

CASS TELEPHONE COMPANY,
Plaintiff

By:    Meyer Capel, a Professional Corporation

By:    _____
       Keith E. Emmons

Keith E. Emmons
MEYER CAPEL, A Professional Corporation
306 W. Church Street
P.O. Box 6750
Champaign, IL  61826-6750
Telephone:    217/352-1800
Facsimile:    217/352-1083

10