E-FILED
Friday, 17 September, 2004  03:04:43 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA/DANVILLE DIVISION

| | | |
|---|---|---|
| CASS TELEPHONE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 04-2185 |
| | ) | |
| McLEODUSA HOLDINGS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

### MCLEODUSA'S MOTION TO DISMISS PLAINTIFF'S COUNTS II, III AND IV, AND TO STRIKE PLAINTIFF'S CLAIMS FOR PUNITIVE DAMAGES

Defendant McLeodUSA Holdings, Inc. ("McLeodUSA"), by its attorneys, respectfully submits this motion to dismiss plaintiff's Counts II (breach of common law fiduciary duty), III (tortious interference with business expectations) and IV (accounting), pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(f).  In further support of this motion, defendant states as follows:

1. In Count I of its Complaint, plaintiff alleges that McLeodUSA breached the parties' partnership agreement by independently selling its own wireless services and withdrawing from the partnership.  (Compl. ¶ 14, 17.)  In Counts II and III, plaintiff recasts its breach of contract claim as, respectively, claims for breach of common law fiduciary duty and tortious interference with business expectation.  (Compl. ¶ 39, 58.)  It appears that plaintiff has brought these duplicative claims merely to seek punitive damages in excess of $5 million.  (Compl. ¶ 40, 59.)  In Count IV plaintiff alleges a right to a formal accounting from McLeodUSA.  (Compl. ¶ 79.)

2. As further set out in the accompanying memorandum of law, Count II should be dismissed because it is premised on exactly the same conduct as Count I and is therefore duplicative under Illinois law and redundant in violation of Fed. R. Civ. P. 12(f).

3. As further set out in the accompanying memorandum of law, Count III should be dismissed because it seeks damages arising from the alleged disappointment of plaintiff's contractual expectations and is therefore barred by the *Moorman* economic loss doctrine, and because it fails to plead a claim against a third party.

4. As further set out in the accompanying memorandum of law, plaintiff's Count IV should be dismissed because it seeks documents wholly unrelated to the parties' partnership, which McLeodUSA has no obligation to produce under either the partnership agreement or Illinois law governing partnerships.

5. As further set out in the accompanying memorandum of law, plaintiff's claims for punitive damages should be stricken because plaintiff has not alleged any basis for such relief, and punitive damages are barred in this context as a matter of law. *See* Memorandum § IV.

## CONCLUSION

For the reasons set out above and in the accompanying memorandum of law, McLeodUSA respectfully request that this Court dismiss with prejudice plaintiff's Counts II, III and IV, and strike plaintiff's claims for punitive damages.

    Respectfully submitted,

                                              McLeodUSA Holdings, Inc.

                                              By:    s/ Edward F. Malone

                                                    One of Its Attorneys

                                          Edward F. Malone (# 06208496)
                                          Daniel J. Weiss (# 6256843)
                                          Attorneys for McLeodUSA Holdings, Inc.
                                          Jenner & Block LLP
                                          One IBM Plaza
                                          Chicago, Illinois 60611
                                          (312) 222-9350
                                          (312) 527-0484
                                          emalone@jenner.com
                                          dweiss@jenner.com

September 17, 2004

CHICAGO_1152584_2