E-FILED
Wednesday, 13 October, 2004  02:33:35 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA/DANVILLE DIVISION

| | |
|---|---|
| CASS TELEPHONE COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 04-2185 |
| | ) |
| MCLEODUSA HOLDINGS, INC., | ) |
| | ) |
| Defendant. | ) |

**MOTION OF McLEODUSA FOR LEAVE TO FILE A REPLY BRIEF**

Defendant McLeodUSA Holdings, Inc. ("McLeodUSA"), by its attorneys, respectfully requests that this Court grant it leave to file a reply brief in response to misstatements of law raised by Cass in its Response to McLeodUSA's Motion to Dismiss Counts II, III and IV, and Motion to Strike Claims for Punitive Damages ("Resp."). A copy of McLeodUSA's proposed reply brief is attached as Exhibit A to this Motion. In support of this Motion, McLeodUSA states as follows:

1. McLeodUSA filed a motion to dismiss on September 17, 2004, requesting that this Court dismiss plaintiff's Counts II, III and IV, pursuant to Federal Rules of Civil Procedure 12(b)6 and 12(f), and also moving to strike plaintiff's claims for punitive damages pursuant to Federal Rule of Civil Procedure 12(f). Cass responded on October 1, 2004.

2. McLeodUSA acknowledges that pursuant to this Court's Local Rule 7.1(B)(1), reply briefs on a motion to dismiss are generally not allowed. McLeodUSA, however, requests leave for the limited purpose of addressing misstatements of law by Cass, and has limited its proposed reply brief to 6 pages.

3. McLeodUSA's reply is limited to correcting the record on applicable law. In particular, Cass argues that "Seventh Circuit Authority" supports its tortious interference with

business advantage claim (Count III), when, in fact, in the very cases cited by Cass, the Seventh Circuit and Illinois courts have rejected the type of claim Cass has brought here.

4. It is well-settled that a proper tortious interference with business relations claim must relate to the defendant's alleged interference with a relationship between the plaintiff and a third-party. *DuPage Aviation Corp. v. DuPage Airport Auth.*, 229 Ill. App. 3d 793, 804, 594 N.E.2d 1334, 1340 (1992); *Bass v. SMG, Inc.*, 328 Ill. App. 3d 492, 503, 765 N.E.2d 1079, 1089 (2002); *McIntosh v. Magna Sys., Inc.*, 539 F. Supp. 1185, 1193 (N.D. Ill. 1982). A party cannot tortiously interfere with its own contract, and claims of tortious interference in that circumstance are mere restatements of contract claims barred by Illinois law, including the *Moorman* doctrine.

5. The cases Cass cites stand for the unremarkable proposition that *Moorman* will not bar an appropriately plead tortious interference claim because such claims relate to business relationships with *third parties*. Such claims are not mere restatements of contract claims because the claimed injured relationship was not covered by a contract between the plaintiff and defendant. *E.g., Cromeens, Holloman, Sibert, Inc. v. AB Volvo*, 349 F.3d 376 (7th Cir. 2003); *Werblood v. Columbia Coll. of Chi.*, 180 Ill. App. 3d 967, 536 N.E.2d 750 (1989).

6. Cass' tortious interference claim is not supported by those cases. Cass has not pleaded a true claim for tortious interference with a business advantage because the "business advantage" it claims was injured was its relationship with McLeodUSA and a partnership the parties joined under the parties' contract. The *Moorman* doctrine prohibits the recovery of contract damages in tort, and Cass cannot avoid that rule by labeling its claim "Tortious Interference." Not surprisingly, Cass fails to provide a single case in which a court allowed a claim for tortious interference to proceed -- on *Moorman* grounds or otherwise -- where the harm

allegedly caused was a lost business expectation embodied in the parties' own agreement. Regardless of *Moorman's* applicability to genuine tortious interference claims, Cass' claim here fails.

7. Indeed, at least two of the cases relied upon by Cass *rejected* tortious interference claims just like the one Cass has brought here. *See AB Volvo*, 349 F.3d at 397; *see also Werblood*, 180 Ill. App. 3d at 976, 536 N.E.2d at 755-56.

8. Cass attempts to avoid the result in those cases by arguing that federal pleading requirements do not require it to identify a genuine business expectancy with a third party, but federal courts routinely dismiss tortious interference claims that lack this required element. *E.g., Fuller v. Chi. Coll. of Osteopathic Med.*, 719 F.2d 1326 (7th Cir. 1983); *Matter v. Williams*, 832 F. Supp. 244 (C.D. Ill. 1993); *McIntosh,* 539 F. Supp. 1185.

9. Cass also repeatedly mischaracterizes McLeodUSA's motion to strike plaintiff's claims for punitive damages pursuant to Rule 12(f). Cass complains that McLeodUSA has failed to cite any case law that addresses the dismissal of punitive damages *pursuant to Rule 12(b)(6)*. (Resp. at 13.) But Cass wholly ignores *Ocean Atl. Dev. Corp. v. Willow Tree Farm L.L.C.*, No. 01-C5014, 2002 U.S. Dist. LEXIS 5465 (N.D. Ill. Mar. 29, 1002), discussed at length in the Memorandum, and in which the court, on its own motion, struck a plaintiff's claims for punitive damages pursuant to *Rule 12(f)* because the conduct alleged did not rise to a level warranting the imposition of such damages. (Mem. at 11.)

10. To correct the misstatements and errors set out above, McLeodUSA respectfully requests that this Court grant it leave to file the attached reply brief.

## **CONCLUSION**

WHEREFORE, McLeodUSA respectfully requests that this Court grant it leave to file its Reply Memorandum in Support of its Motion to Dismiss, attached hereto as Exhibit A.

Respectfully submitted,
McLeodUSA Holdings, Inc.

BY:     s/ Edward F. Malone
              One of Its Attorneys

Edward F. Malone
Daniel J. Weiss
JENNER & BLOCK LLP
One IBM Plaza
Chicago, IL  60611
Telephone:  (312) 222-9350
Facsimile:  (312) 840-7252
emalone@jenner.com
dweiss@jenner.com

October 13, 2004.