E-FILED
Wednesday, 13 October, 2004  02:34:20 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA/DANVILLE DIVISION

| | | |
|---|---|---|
| CASS TELEPHONE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-2185 |
| | ) | |
| MCLEODUSA HOLDINGS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## McLEODUSA'S REPLY MEMORANDUM
## IN SUPPORT OF ITS MOTION TO DISMISS

### INTRODUCTION

McLeodUSA respectfully submits this Reply Memorandum in Support of its Motion to Dismiss for the limited purpose of correcting substantial misstatements of the law in the October 1, 2004 response brief of Plaintiff Cass Telephone Company ("Cass"). In particular, Cass makes two incorrect statements of law that McLeodUSA respectfully submits should be corrected:

(A) Cass argues that "Seventh Circuit Authority" supports its tortious interference with business advantage claim (Count III), when, in fact, in the very cases cited by Cass, the Seventh Circuit and Illinois courts have rejected the type of claim Cass has brought here; and

(B) Cass misstates McLeodUSA's legal argument and argues that the cases cited by McLeodUSA in support of striking Cass' punitive damages claim are "inapplicable," but ignores authority striking claims for punitive damages in cases just like this one.

McLeodUSA corrects the record on each point below.  McLeodUSA does not respond herein to any of Cass' other arguments, each of which fails for the reasons set out in McLeodUSA's initial motion.

## ARGUMENT

A.  **Cass Misstates the Law Regarding Tortious Interference.**

In its motion to dismiss Cass' claim for tortious interference with a business expectation, McLeodUSA explains that Illinois law, including the *Moorman* doctrine, bars Cass' attempt to restate an ordinary breach of contract claim as a tort. (*See* Motion to Dismiss ("Mot.") ¶ 3; Memorandum in Support of its Motion to Dismiss ("Mem.") at 5-6.) As McLeodUSA wrote, Cass' true claim in this case is that McLeodUSA breached the parties' "MCA" agreement. Cass' tortious interference claim merely restates that claim, arguing that McLeodUSA has improperly interfered with Cass' expectations under the very same contract. (Mot. ¶¶ 1, 3; Mem. at 5.) A party to a contract is entitled to its contractual expectation damages in the event of a breach, not damages in tort. (*Id.*)

In its response, however, Cass claims that its tortious interference claim must survive dismissal because *Moorman* does not bar all tortious interference claims. (*See* Response to Motion to Dismiss ("Resp.") at 7-8.) Cass, however, misunderstands and misstates the law.

It is well-settled that a proper tortious interference with business relations claim must relate to the defendant's alleged interference with a relationship between the plaintiff and a *third-party*. *DuPage Aviation Corp. v. DuPage Airport Auth.*, 229 Ill. App. 3d 793, 804, 594 N.E.2d 1334, 1340 (1992); *Bass v. SMG, Inc.*, 328 Ill. App. 3d 492, 503, 765 N.E.2d 1079, 1089 (2002); *McIntosh v. Magna Sys., Inc.*, 539 F. Supp. 1185, 1193 (N.D. Ill. 1982). A defendant cannot—as a matter of law—interfere with its *own* contract with the plaintiff. *Fuller v. Chi. Coll. of Osteopathic Med.*, 719 F.2d 1326 (7th Cir. 1983); *Douglas Theater Corp. v. Chi. Title & Trust Co.*, 288 Ill. App. 3d 880, 884-85, 681 N.E.2d 564, 567 (1997). The cases Cass cites stand

for the unremarkable proposition that *Moorman* will not bar an appropriately pleaded tortious interference claim because such claims relate to business relationships with *third parties*. Such claims are not mere restatements of contract claims because the claimed injured relationship was not covered by a contract between the plaintiff and defendant. *E.g., Cromeens, Holloman, Sibert, Inc. v. AB Volvo*, 349 F.3d 376 (7th Cir. 2003); *Werblood v. Columbia Coll. of Chi.*, 180 Ill. App. 3d 967, 536 N.E.2d 750 (1989).

Cass' tortious interference claim is not supported by those cases. Cass has not pleaded a true claim for tortious interference with a business advantage. Rather, Cass claims that McLeodUSA interfered with Cass' expectations under a contract between McLeodUSA and Cass -- essentially alleging that McLeodUSA tortiously interfered with Cass' business opportunities by violating its MCA Agreement obligations (1) not to offer services within the parties' defined territory; and (2) not to discontinue the MCA partnership. It is the MCA Agreement alone that supposedly obliged McLeodUSA not to take those actions. And Cass' alleged tort damages are identical to its alleged contractual damages. The *Moorman* doctrine prohibits the recovery of contract damages in tort, and Cass cannot avoid that rule by labeling its claim "Tortious Interference." Under the authority set out above, Cass' theory cannot support a tortious interference claim. Not surprisingly, Cass, in its Response, fails to cite a single case in which a court allowed a claim for tortious interference to proceed -- on *Moorman* grounds or otherwise -- where the harm allegedly caused was a lost business expectation embodied in the parties' own agreement. Thus, regardless of *Moorman's* applicability to genuine tortious interference claims, Cass' claim here fails.[1]

---

[1] Nor may Cass point to the "ILLSMSA" partnership as a supposed third-party supporting its tortious interference claim. The very point of the MCA Agreement between McLeodUSA and Cass was to govern the parties participation in the ILLSMSA partnership. (*See* Compl. ¶ 5) Again, Cass' claim comes back to a simple claimed breach of contract action based on the MCA Agreement.

3

Indeed, at least two of the cases relied upon by Cass *rejected* tortious interference claims just like the one Cass has brought here. In *AB Volvo*, the court explicitly rejected the plaintiff's claims for tortious interference finding that "termination of the Dealer Agreements by Volvo cannot constitute tortious interference by Volvo because *Volvo is a party* to those contracts." *AB Volvo*, 349 F.3d at 397 (emphasis added). Likewise, in *Werblood*, the appellate court affirmed the trial court's dismissal of the plaintiff's tortious interference claim because she failed to allege a reasonable business expectancy with a third-party. *Werblood*, 180 Ill. App. 3d at 976, 536 N.E.2d at 755-56.

Cass attempts to avoid the result in those cases by arguing that federal pleading requirements do not require it to identify a genuine business expectancy with a third party. (Resp. at 8-10.) That is not the law. While courts have allowed plaintiffs to plead the existence of a third party expectancy with some generality, no court has permitted a plaintiff simply to dispense with this required element of the tort. Cass cites no case law that stands for the proposition that it can maintain its claim without alleging that *any* interfered with third-party existed at all.[2] Quite the opposite, federal courts routinely dismiss tortious interference claims that lack this required element. *E.g., Fuller,* 719 F.2d 1326; *Matter v. Williams,* 832 F. Supp. 244 (C.D. Ill. 1993); *McIntosh,* 539 F. Supp. 1185 (court sitting in diversity jurisdiction dismissed plaintiff's claim for tortious interference with prospective business opportunities pursuant to Federal Rule 12(b)(6) finding that plaintiff failed to "allege some conduct [on the

---

[2] Cass, mistakenly cites *Equis Corp. v. Staubach Co.*, No. 99-C7046, 2000 WL 283982 (N.D. Ill. Mar. 13, 2000), which directly contradicts Cass' argument. In *Equis*, the district court stated that a plaintiff must plead *all* elements to state a cause of action for tortious interference and to survive a 12(b)(6) motion, and the court specifically found that plaintiff pleaded each requisite element. *Id.* at *1-2. *Equis* quotes *Sanjuan v. Am. Bd. of Psychiatry & Neurology, Inc.*, 40 F.3d 247 (7th Cir. 1994), which found that a plaintiff in fact pleaded the elements of an antitrust claim, even though it did not precisely plead matching facts. *Sanjuan*, 40 F.3d at 250-51.

part of defendants] directed toward a third party not to enter into or continue a prospective contractual relationship with plaintiff"). This Court should do the same.

For all the reasons set forth above and those presented in the Memorandum, this Court should conclude that plaintiff has not, and cannot, plead a claim for tortious interference with a business expectation as a matter of law, and should dismiss Count III.

### B. Cass Misstates the Law Regarding Punitive Damages.

Cass also repeatedly mischaracterizes McLeodUSA's argument to strike plaintiff's claims for punitive damages. In its Memorandum, McLeodUSA respectfully requests this Court strike plaintiff's claims for punitive damages pursuant to Federal Rule of Civil Procedure *12(f)*. (Mem. at 10-11.) In its Response, Cass inexplicably complains that McLeodUSA has failed to cite any case law that addresses the dismissal of punitive damages pursuant to *Rule 12(b)(6)*. (Resp. at 13.) But Cass wholly ignores *Ocean Atl. Dev. Corp. v. Willow Tree Farm L.L.C.*, No. 01-C5014, 2002 U.S. Dist. LEXIS 5465 (N.D. Ill. Mar. 29, 1002), discussed at length in the Memorandum, and in which the court, on its own motion, struck a plaintiff's claims for punitive damages pursuant to Rule 12(f) because the conduct alleged did not rise to a level warranting the imposition of such damages.[3] (Mem. at 11.)

For all the reasons set forth above and those presented in the Memorandum, this Court should conclude that plaintiff has not alleged a basis for punitive damages in law or fact and strike plaintiff's claims for such damages pursuant to Rule 12(f).

---

[3] Additionally, Cass mischaracterizes McLeodUSA's citation of *Europlast, Ltd., v. Oak Switch Sys., Inc.*, 10 F.3d 1266 (7th Cir. 1993). McLeodUSA cited *Europlast* to support its argument that plaintiff's conclusory allegations, even when taken as true, merely outline an efficient breach of contract by McLeodUSA and do not allege conduct rising to the level that Illinois law demands of claims for punitive damages. (Mem. at 10-11.) Cass argues that *Europlast* shows that punitive damages are not barred in *every* action for tortious interference with a business expectation or breach of fiduciary duty. As the Seventh Circuit determined in *Europlast*, Cass has not alleged conduct sufficient to establish claims for punitive damages.

## CONCLUSION

For all the reasons stated above and those presented in the Memorandum, this Court should dismiss plaintiff's Counts II, III and IV with prejudice and strike plaintiff's claims for such damages pursuant to Rule 12(f).

Respectfully submitted,
McLeodUSA Holdings, Inc.

BY: ___s/ Edward F. Malone___
  One of Its Attorneys

Edward F. Malone
Daniel J. Weiss
JENNER & BLOCK LLP
One IBM Plaza
Chicago, IL  60611
Telephone:  (312) 222-9350
Facsimile:  (312) 840-7252
emalone@jenner.com
dweiss@jenner.com

October 13, 2004.