IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA/DANVILLE DIVISION

| | | |
|---|---|---|
| CASS TELEPHONE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 04-2185 |
| | ) | |
| MCLEODUSA MCLEOD, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**CASS TELEPHONE COMPANY'S MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR LEAVE TO JOIN MCLEODUSA TELECOMMUNICATIONS
SERVICES, INC. AS A DEFENDANT**

**INTRODUCTION**

Plaintiff filed its original four count Complaint against McLeodUSA Holdings, Inc. ("McLeod") in the Circuit Court of the Sixth Judicial Circuit, Champaign County, Illinois on July 29, 2004 alleging Breach of Contract (Count I), Breach of Fiduciary Duty (Count II), Tortious Interference With Business Expectancies (Count III), and seeking an Accounting (Count IV). Defendant removed Plaintiff's Complaint to the United States District Court for the Central District of Illinois on August 31, 2004 and filed an Answer and Motion to Dismiss on September 17, 2004.

On December 27, 2004, the Court entered an order denying in part and granting in part the Defendant's Motion to Dismiss. The Court dismissed Count III of the Plaintiff's Complaint for Tortious Interference With Business Expectation without prejudice and further granted Plaintiff Leave To Amend Its Complaint within 14 days.

In its Complaint, Plaintiff contends Defendant McLeod breached Section 7.7 of the MCA Agreement which precluded McLeod or any of its Affiliates from providing Cellular Service

1

within certain geographical areas. Pursuant to the Complaint, McLeod' breach occurred when its subsidiary, McLeodUSA Telecommunications Services, Inc. ("MUSATS"), offered cellular services that were prohibited under the MCA Agreement. Plaintiff also contends McLeod breached its fiduciary duty and seeks an accounting.

Plaintiff seeks leave to add MUSATS as a defendant and to amend its Complaint in accordance with the Court's December 27, 2004 Order and Federal Rule of Civil Procedure 20. In its proposed amended complaint, Plaintiff continues to allege breach of contract, breach of fiduciary duty, and seeks an accounting against McLeod. In addition, Plaintiff contends MUSATS tortiously interfered with Plaintiff's business expectancies.

Plaintiff's request for leave is in accordance with Federal Rule of Civil Procedure 20 and is consistent with the court's December 27, 2004 Order. For these and other reasons detailed below, Plaintiff respectfully requests that the court enter an order granting Plaintiff leave to join MUSATS as a defendant and further directing the Clerk of Court to issue a summons for the newly added defendant.

## ARGUMENT

**I.     The Court Should Grant Plaintiff Leave To Add MUSATS As A Defendant Pursuant To Federal Rule Of Civil Procedure 20**

The Federal Rules of Civil Procedure provide that "all persons . . . may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." FED. R. CIV. P. 20. Federal policy favors joinder and the district court has wide discretion in deciding whether joinder of parties is proper. Hawkins v. Groot Industries, Inc., 210 F.R.D. 226 (N.D. Ill. 2002)(citing Bailey v. Northern Trust Co., 196 F.R.D. 513, 515 (N.D.

Ill. 2000)). Rule 20 "should be construed in light of its purpose, which is to promote trial convenience and expedite the final determination of issues, thereby preventing multiple lawsuits." United States of America v. Huda, 205 F.R.D. 225 (S.D. Ill. 2001)(quoting Bailey, 196 F.R.D. at 515).

Joinder of MUSATS in the current action is particularly appropriate in this case. The parties are in the early stages of discovery and the court's December 27, 2004 order granted Plaintiff leave to amend. The claims against McLeod and the proposed claims against MUSATS both arise out of the same transaction and occurrence. In particular, MUSATS' provision of cellular services within a prohibited geographical area under the MCA Agreement is the factual basis for Plaintiff's claims against McLeod and Plaintiff's proposed tortious interference claim against MUSATS.

Claims against McLeod and MUSATS also give rise to common questions of law or fact. McLeod' liability for breach of the MCA Agreement and MUSATS' liability for tortious interference with business expectancies both depend upon (1) factual determinations related to MUSATS provision of cellular services in geographical areas prohibited under the MCA Agreement, and (2) a legal interpretation of the MCA Agreement.

The interests of justice and the underlying purposes of Rule 20 warrant a conclusion that joinder is appropriate in this case. The lawsuit is in its infancy and no party will be prejudiced by the addition of MUSATS. Judicial economy will likewise be served by the inclusion of Plaintiff's claims against MUSATS in this current lawsuit.

WHEREFORE, Plaintiff respectfully requests that the court enter an order granting Plaintiff leave to join MUSATS as a defendant and further directing the Clerk of Court to issue a summons for the newly added defendant.

CASS TELEPHONE COMPANY,

Plaintiff,

By:   Meyer Capel, A Professional Corporation


s/ Keith E. Emmons
Keith E. Emmons (#0739219)
Meyer Capel, A Professional Corporation
306 West Church Street
P. O. Box 6750
Champaign, IL 61826-6750
Telephone:  217/352-1800
Fax: 217/352-1083
E-mail:  kemmons@meyercapel.com