E-FILED
Monday, 24 January, 2005  05:21:14 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA/DANVILLE DIVISION

| | | |
|---|---|---|
| CASS TELEPHONE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-2185 |
| | ) | |
| MCLEODUSA HOLDINGS, INC. and | ) | |
| MCLEODUSA TELECOMMUNICATIONS | ) | |
| SERVICES, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## McLEODUSA'S MOTION TO DISMISS
## PLAINTIFF'S COUNT III OF ITS FIRST AMENDED COMPLAINT

Defendants, McLeodUSA Holdings, Inc. ("McLeodUSA Holdings") and McLeodUSA Telecommunications Services, Inc. ("MTSI") (collectively "McLeodUSA"), by their attorneys Jenner & Block LLP, respectfully submit this motion to dismiss plaintiff's Count III (tortious interference with business expectation) pursuant to Federal Rules of Civil Procedure 12(b)(6). In further support of this motion, defendants have filed the accompanying memorandum of law and state as follows:

### ARGUMENT

1. On December 27, 2004, this Court dismissed Count III of Cass' initial complaint against McLeodUSA, which alleged that McLeodUSA had tortiously interfered with Cass' business expectations by causing McLeodUSA's subsidiary, MTSI, to offer cellular telephone service in violation of the partnership agreement between Cass and McLeodUSA. The Court adopted the Report and Recommendation of Judge Bernthal, which recommended that Count III be dismissed because it failed to allege that McLeodUSA had interfered with any relationship between Cass and a third party.

2. Cass' amended claim for tortious interference fails for the same reason the Court dismissed the nearly identical count in Cass' initial complaint. In its new Count III, as in its old Count III, the only business expectations that McLeodUSA supposedly harmed were Cass' expectations arising out if its relationship *with McLeodUSA*. (Am. Compl. ¶¶ 57-60; Compl. ¶¶ 57-9.) As the Court has already once held, that claim fails under settled law holding that a party cannot be held liable for "interfering" with expectations arising out of its *own* relationship with the plaintiff.

3. In its proposed First Amended Complaint, Cass seeks to evade that ruling by naming MTSI, a wholly-owned subsidiary of McLeodUSA Holdings, as the sole defendant to Cass' otherwise virtually unchanged Count III. (Am. Compl. ¶¶ 57-60.) Under this theory, the supposedly injured business expectations (Cass' relationship with McLeodUSA) are unchanged, but MTSI is supposedly a "third-party" to that relationship, and thus liable for interference.

4. That theory fails. A long line of authority recognizes that subsidiaries are not appropriately treated as third parties to their parents for purposes of tortious interference because a parent and its wholly-owned subsidiary have a complete unity of interest. Put simply, MTSI cannot rightfully be treated as a stranger to the business relationships of its corporate parent. Indeed, Cass itself alleges in its own Count I and II that MTSI acted at the direction of its parent McLeodUSA Holdings, belying any notion that MTSI was an interfering outsider. The Court should therefore again reject Cass' Count III for failure to allege any true third-party relationship.

## PROCEDURAL POSTURE

5. As a matter of procedure, the Court should note that Cass' amended complaint is not technically operative. Cass attached its amended complaint to a January 10,

2005 motion for leave to join MTSI as a defendant. In that amended complaint, Cass essentially restated its dismissed Count III tortious interference claim, but, as noted above, this time changed the name of the defendant to MTSI instead of McLeodUSA Holdings.

6. McLeodUSA has filed this motion (and the accompanying answer to Cass' other counts) today because the Court separately set the date for McLeodUSA to respond to Cass' amended complaint as January 24, 2005. (*See* January 5, 2005 Order.) McLeodUSA does not separately oppose Cass' motion for leave to join MTSI, except to state that the motion is futile because Cass' only count directed at MTSI, Count III, fails to state a claim. Thus, if it deems appropriate, the Court could read McLeodUSA's motion to dismiss Count III as an objection to Cass' motion to join MTSI and deny joinder for the reasons stated herein. Alternatively, the Court could allow Cass' joinder motion but then dismiss Cass' Count III, effectively denying joinder as Cass states no other claims against MTSI.

## **CONCLUSION**

For the reasons set out above and in the accompanying memorandum of law, McLeodUSA respectfully request that this Court dismiss with prejudice plaintiff's Count III.

3

Respectfully submitted,

McLeodUSA Holdings, Inc. and
McLeodUSA Telecommunications Services, Inc.

By:   s/ Edward F. Malone

One of Its Attorneys

Edward F. Malone
Daniel J. Weiss
Andrew W. Vail
Attorneys for McLeodUSA Holdings, Inc. and
McLeodUSA Telecommunications Services, Inc.
Jenner & Block LLP
One IBM Plaza
Chicago, Illinois   60611
(312) 222-9350
(312) 527-0484
emalone@jenner.com
dweiss@jenner.com
avail@jenner.com

January 24, 2005