IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA/DANVILLE DIVISION

| | | |
|---|---|---|
| CASS TELEPHONE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-2185 |
| | ) | |
| MCLEODUSA HOLDINGS, INC. and | ) | |
| MCLEODUSA TELECOMMUNICATIONS | ) | |
| SERVICES, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**McLEODUSA's MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION
TO DISMISS PLAINTIFF'S COUNT III OF ITS FIRST AMENDED COMPLAINT**

Defendants, McLeodUSA Holdings, Inc. ("McLeodUSA Holdings") and McLeodUSA Telecommunications Services, Inc. ("MTSI") (collectively "McLeodUSA"), by their attorneys Jenner & Block LLP, respectfully submit this memorandum of law in support of their motion to dismiss plaintiff's Count III (tortious interference with business expectation) pursuant to Federal Rules of Civil Procedure 12(b)(6).

**Introduction**

Cass' claim for tortious interference (Count III) fails for the same reason the Court dismissed the nearly identical count in Cass' initial complaint. Put simply, Cass nowhere alleges that McLeodUSA interfered with any business relationship between Cass and a third party. In its new Count III, as in its old Count III, the only business expectations supposedly harmed by McLeodUSA were Cass' expectations arising out if its relationship *with McLeodUSA*. As the Court has already once held, that claim fails under settled law holding that a party cannot be held liable for "interfering" with expectations arising out of its *own* relationship with the plaintiff.

In its First Amended Complaint, Cass has unsuccessfully sought to evade that rule by naming MTSI, a wholly-owned subsidiary of McLeodUSA Holdings, as the sole defendant to Cass' otherwise virtually unchanged Count III. Under this theory, the supposedly injured business expectations (Cass' expectations arising from its relationship with McLeodUSA) are unchanged, but MTSI is supposedly a "third-party" to that relationship, and thus liable for interference. This cosmetic change cannot save Cass' Count III. As further set out below, MTSI cannot be considered a stranger to the Cass-McLeodUSA relationship for purposes of tortious interference. The Court should again dismiss Cass' claim.

## Background

**Proceedings on Cass' Initial Complaint.**

McLeodUSA Holdings and Cass were parties to a partnership agreement, the Midwest Cellular Associates Agreement ("MCA Agreement"), for the purpose of the joint sale of wireless telephone services. Cass' core allegation is that McLeodUSA Holdings breached the MCA Agreement by independently selling wireless services through its wholly-owned subsidiary, MTSI, and subsequently withdrawing from the partnership. (For further background, *see* Mem. in Support of Mot. to Dismiss (Dkt. No. 8) at 3-4.)

McLeodUSA removed Cass' initial complaint to this Court from the Circuit Court of the Sixth Judicial Circuit Champaign County by reason of diversity on August 31, 2004. (Dkt. Nos. 1-2.) In its initial complaint, Cass asserted claims against McLeodUSA Holdings for breach of contract (Count I), breach of fiduciary duty (Count II), tortious interference with business expectations (Count III), and accounting (Count IV).

On September 17, 2004, McLeodUSA Holdings filed its Motion to Dismiss and Memorandum in Support of its Motion to Dismiss. (Dkt. No. 8.) McLeodUSA sought to dismiss all of Cass' claims except for Count I. Cass responded on October 1, 2004. (Dkt. No. 10.)

On December 3, 2004, Magistrate Judge Bernthal issued a Report and Recommendation on the motion to dismiss (Dkt. No. 20) ("R&R"). Judge Bernthal did not recommend dismissing Cass' Counts I and IV, but recommended dismissing Cass' Count III for tortious interference. Judge Bernthal held that Cass had failed to state a claim for tortious interference because "[i]t is well settled that a party cannot tortiously interfere with his *own* contract; the tortfeasor must be a third party to the contractual relationship." (R&R at 6-7, emphasis added.) Under that rule, Judge Bernthal held that Cass' Count III was defective because Cass alleged no true third-party interference: "the claim in Count III is clearly based on *McLeod's* interference with the business expectations arising from the contract between [Cass] and [McLeodUSA] rather than between Plaintiff and an unidentified third party." (R&R at 7, emphasis added.) The Court accepted Judge Bernthal's Report in its December 27, 2004 Order (Dkt. No. 21) and dismissed Cass' Count III without prejudice.

**Cass' First Amended Complaint and Procedural Posture.**

On January 10, 2005, Cass filed a motion for leave to join MTSI as a defendant and attaching its First Amended Complaint. (Dkt. No. 23.) In its proposed First Amended Complaint, Cass essentially restated its dismissed Count III tortious interference claim, but changed the name of the defendant from McLeodUSA Holdings to MTSI.

The Court has not yet ruled on Cass' motion for leave to join MTSI, and thus Cass' First Amended Complaint is technically not operative. Nonetheless, the Court has

separately set the date for McLeodUSA to respond to the First Amended Complaint as January 24, 2005. McLeodUSA has therefore filed this motion to dismiss Cass' Count III and accompanying answer to Cass' other counts. McLeodUSA does not separately oppose Cass' motion for leave to join MTSI, except to state that the motion is futile because Cass' only count directed at MTSI, Count III, fails to state a claim as set forth below.[1]

## ARGUMENT

## THE COURT SHOULD DISMISS CASS' COUNT III

Cass' Count III is defective for the very reason this Court has already identified: Cass alleges no true third party relationship supposedly interfered with by McLeodUSA. Rather, Cass is merely claiming that McLeodUSA Holdings (or its wholly owed subsidiary) harmed Cass' business expectations arising from Cass' relationship *with McLeodUSA*. That claim is properly pleaded (if at all) as a simple breach of contract, as in Cass' Count I—not tortious interference.

As this Court has already held, a claim for tortious interference cannot arise from supposed interference with a business expectation or relationship between plaintiff and defendant. Illinois courts make clear that: "as a plain matter of logic and law, just as a party cannot tortiously interfere with its own contract, likewise a party cannot tortiously interfere with the business expectation that it created by that contract." *E.g., Bass v. SMG, Inc.,* 328 Ill. App. 3d 492, 503, 765 N.E.2d 1079, 1089 (2002). The tort arises only from the interference with an expectation or relationship between the plaintiff and a third party. *DuPage Aviation Corp. v.*

---

[1] Thus, if it deems appropriate, the Court could read McLeodUSA's motion to dismiss Count III as an objection to Cass' motion to join MTSI and deny joinder because Cass' Count III is futile for the reasons stated herein. *See Gosling v. Ace Hardware Corp.*, 616 F. Supp. 1195 (N.D. Ill. 1985). Alternatively, the Court could allow Cass' joinder motion but then dismiss Cass' Count III, effectively denying joinder because Count III is the only claim asserted against MTSI.

4

*DuPage Airport Auth.,* 229 Ill. App. 3d 793, 802-3, 594 N.E.2d 1334, 1340 (1992); *Bass*, 328 Ill. App. 3d at 503, 765 N.E.2d at 1089; *Parkway Bank & Trust Co. v. City of Darien*, 43 Ill. App. 3d 400, 403, 357 N.E.2d 211, 214-15 (1976). For that very reason, this Court dismissed Cass' initial Count III.

Cass now attempts to sidestep that rule merely by substituting MTSI for McLeodUSA Holdings as the defendant to its defective Count III. (Am. Compl. ¶¶ 57-60.) Cass has *not* alleged any new business relationship supposedly interfered with by McLeodUSA. Rather, by substituting MTSI as the defendant to Count III, Cass proposes that the Court treat MTSI as a third party to the business expectancies arising from the relationship between MTSI's own corporate parent (McLeodUSA Holdings) and Cass. (*See* Am. Compl. ¶¶ 15, 17, 37, 81.) Cass, however, cannot so easily defeat the governing rules.

Multiple courts have rejected exactly the same sidestep Cass attempts here, holding that a subsidiary cannot be considered a "third party" to its parent corporation for the purpose of establishing a tortious interference claim. *E.g.*, *Oak Agency, Inc. v. Warrantech Corp.*, No. 96-C1106, 1997 U.S. Dist. LEXIS 6096 (N.D. Ill. May 2, 1997) (rejecting claim that parent tortiously interfered with subsidiary's contract with plaintiff); *Belmont Assocs. v. Fortis, Inc.,* No. 95-C6028, 1996 WL 448083, at *4-5 (N.D. Ill. Aug. 2, 1996) (same); *see also Boulevard Assocs. v. Sovereign Hotels*, 72 F.3d 1029, 1036 (2d Cir. 1995); *Deauville Corp. v. Federated Dept. Stores, Inc.*, 756 F.2d 1183, 1196 (5th Cir. 1985); *Canderm Pharm., Ltd. v. Elder Pharms., Inc.*, 862 F.2d 597, 601 (6th Cir. 1988).

That rule follows from a long line of authority recognizing that subsidiaries are not appropriately treated as third parties to their parents in a variety of contexts because:

> A parent and its wholly owned subsidiary have a complete unity of interest. Their objectives are common, not disparate; their general corporate actions are guided

> or determined not by two separate corporate consciousnesses, but one. . . . They share a common purpose whether or not the parent keeps a tight rein over the subsidiary; the parent may assert full control at any moment if the subsidiary fails to act in the parent's best interests.

*Copperweld Corp. v. Independence Tube Corp.*, 467 U.S. 752, 771-2 (1984) (subsidiary not a third party to parent for purpose of antitrust claim); *see also Bucklew v. Hawkins, Ash, Baptie & Co., LLP*, 329 F.3d 923, 934 (7th Cir. 2003) (same for purpose of RICO); *Travis v. Gary Cmty. Mental Health Ctr. Inc.*, 921 F.2d 108, 110 (7th Cir. 1990) (same for purpose of § 1985 claims); *Nissan Motor Acceptance Corp. v. Schaumburg Nissan, Inc.*, No. 93-C2701, 1993 U.S. Dist. Lexis 12774, at *27 (N.D. Ill. Sept. 15, 1993) (same for Automobile Dealer's Day in Court Act claims).

Cass' Count III can stand only if the Court treats MTSI as a stranger to its own corporate parent, a theory that, as the authority cited above demonstrates, courts have routinely rejected. Indeed, Cass' own complaint rejects that theory, claiming throughout Counts I and II that McLeodUSA Holdings breached its obligations to Cass by "electing to offer Cellular Services *through* its Affiliate and subsidiary [MTSI]." (First Amended Compl. ¶ 17, emphasis added; *see also id.* ¶ 37.) Only in Count III does Cass turn around and argue that MTSI supposedly acted as an independent "third party" and somehow interfered with the relationship between Cass and McLeodUSA Holdings. That claim fails. As one court explained "it simply makes no sense" to allege that a corporate parent acted in concert with its subsidiary and simultaneously acted as a third party and tortiously interfered with subsidiary's business relations. *Belmont Assocs.*, *supra*, at *4-5.[2]

---

[2] Nor may Cass avoid this result by claiming that it is merely pleading in the alternative. Cass' Count III explicitly adopts *all* of the other paragraphs in the complaint, and nowhere claims to be pleaded in the alternative. (First Amended Compl. ¶¶ 41-56.)

6

Cass' true claim is that McLeodUSA Holdings breached its duties to Cass by causing its subsidiary MTSI to provide independent wireless service. The Court should reject Cass' second attempt to disguise those same allegations as claims for tortious interference.

## **CONCLUSION**

For the reasons stated above, this Court should dismiss plaintiff's Counts III with prejudice.

Respectfully submitted,

        McLeodUSA Holdings, Inc. and
        McLeodUSA Telecommunications Services, Inc.

        By:    s/ Edward F. Malone
                  One of Its Attorneys

Edward F. Malone
Daniel J. Weiss
Andrew W. Vail
Attorneys for McLeodUSA Holdings, Inc. and
McLeodUSA Telecommunications Services, Inc.
Jenner & Block LLP
One IBM Plaza
Chicago, Illinois 60611
(312) 222-9350
(312) 527-0484 (fax)
emalone@jenner.com
dweiss@jenner.com
avail@jenner.com

January 24, 2005