E-FILED
Tuesday, 25 January, 2005  04:41:29 PM
Clerk, U.S. District Court, ILCD

## APPENDIX A

| Partner's Name | Ownership Percentage Interest | Contribution |
|---|---|---|
| Ameritech Mobile Phone Service of Illinois, Inc. | 51.00% | $ 510.00 |
| Inland Cellular Telephone Co. | 15.00% | $ 150.00 |
| Mt. Pulaski Cellular Company | 15.00% | $ 150.00 |
| U S West NewVector Group, Inc. | 10.75% | $ 107.50 |
| Midwest Cellular Associates | 8.25% | $ 82.50 |
| | 100.00% | $1,000.00 |

AMENDMENT NO. 7

TO THE

AGREEMENT ESTABLISHING
Illinois SMSA Limited Partnership

Amendment No. 7 made as of  February 9 , 1999 by and among Ameritech Mobile Phone Service of Illinois, Inc. ("AMPS"), AirTouch Communications, Inc. ("AirTouch") and Midwest Cellular Associates ("Midwest") (hereinafter collectively the "Partnership");

WHEREAS, the parties hereto desire to amend the Illinois SMSA Limited Partnership Agreement dated February 5, 1987 (the "Partnership Agreement") to reflect the transfer of the 12.647% limited partnership interest of U S West NewVector Group, Inc. to AirTouch and the transfer of the 13.636% limited partnership interest of Ameritech Mobile Communications, Inc. ("AMC") to AMPS, an affiliate of AMC;

NOW THEREFORE, in consideration of the mutual covenants contained herein, and other good and valuable consideration, the parties hereto agree as follows (certain terms not otherwise defined herein have the meaning set forth in the Partnership Agreement):

1. <u>Amendment to Partnership Agreement.</u>   The Partnership Agreement is hereby amended as follows:

A.  The first paragraph of the Partnership Agreement is amended as follows:

"THIS AGREEMENT is made as of the 5th day of February, 1987, by and between Ameritech Mobile Phone Service of Illinois, Inc., a corporation organized and existing under the laws of the State of Illinois and having its principle place of business at 2000 W. Ameritech Center Drive, Hoffman Estates, IL 60195-5000 ("AMPS"), AirTouch Communications, Inc., a corporation organized and existing under the laws of the State of California and having its principal place of business at 3350 161st Avenue S.E., Bellevue, Washington 98008-9685 ("Air Touch") and Midwest Cellular Associates, a general partnership organized and existing under the laws of the State of Illinois and having its principal place of business at 121 South Seventeenth Street, Mattoon, Illinois 61938 ("Midwest")."

B.  Section 1.20 of the Partnership Agreement is amended as follows:

"1.20 "Limited Partner" means each of AirTouch, Midwest, and AMPS and any person admitted as an additional or substitute limited partner of the Partnership in accordance with this Agreement and the Act, in such Person's capacity and as a limited partner of the Partnership.  Any Person may be both a General Partner and a Limited Partner of the Partnership."

C.  Section 1.25 of the Partnership Agreement is amended as follows:

"1.25 "Percentage Interest" of a Partner means the respective percentages set forth below next to each Partner's name:

|  |  |
|---|---|
| AMPS | 46.364% GP Interest |
| AMPS | 13.636% LP Interest |
| Midwest | 27.353% LP Interest |
| AirTouch | 12.647% LP Interest" |

D. Section 15.9 of the Partnership Agreement is amended as follows:

"15.9 Notices. All notices given by any Partner under this Agreement shall be in writing, by registered or certified mail, postage prepaid, addressed as follows (or to such other address as a Partner may specify in such a notice to all other Partners):

General and
Limited Partner:

Ameritech Mobile Phone Service of Illinois, Inc.
2000 W. Ameritech Center Drive
Hoffman Estates, IL 60195 5000
Attn: General Counsel

Limited Partners:

Midwest Cellular Associates
121 South 17th Street
Mattoon, IL 61938
Attn: President

AirTouch Communications, Inc.
PO Box 96085
3350 161st Avenue, S.E.
Bellevue, WA 98008 9685
Attn: Jill Evans

Such notices shall be effective on the third business day subsequent to the date of mailing."

E. The other terms and conditions of the Partnership Agreement shall remain in full force and effect.

2. Counterparts. This Agreement may be executed in two or more counterparts, each of which shall be deemed to be an original but all of which together shall constitute one and the same instrument.

IN WITNESS WHEREOF, the undersigned have caused this Agreement and Amendment No. 7 to be duly executed by their authorized representatives as of the day first written above.

General and Limited Partner:
AMERITECH MOBILE PHONE SERVICE
OF ILLINOIS, INC.

Attest: _____

Its: _____

By: _____

Its: _V.P. + General Counsel_

Limited Partner:
MIDWEST CELLULAR ASSOCIATES
an Illinois General Partnership
By:  CONSOLIDATED COMMUNICATIONS
     MOBILE SERVICES INC.,
     Managing Partner

Attest: _____

Its: _____

By: _____

Its: _____ VP/CFO

Limited Partner:
AIRTOUCH COMMUNICATIONS, INC.

Attest: _____

Its: _____

By: _____

Its: _VP and CFO_ _____

FORM APPROVED

ATTORNEY

AMENDMENT NO. 6
TO THE

AGREEMENT ESTABLISHING

ILLINOIS SMSA LIMITED PARTNERSHIP


Amendment No. 6 made as of August 6, 1990, by and among Ameritech Mobile Phone Service of Illinois, Inc. ("AMPS"), U S West NewVector Group, Inc. ("NewVector"), Midwest Cellular Associates ("Midwest"), and Ameritech Mobile Communications, Inc. ("AMCI") (hereinafter collectively the "Partnership");

WHEREAS, the parties hereto desire to amend the Agreement to reflect (1) a 1% ownership interest in the Illinois Four Limited Partnership ("IL RSA-4"), and (2) the addition of the following territory of IL RSA-4 to the Partnership:

Macoupin (I-55 Corridor)

NOW, THEREFORE, the parties hereto agree and consent to the following:

1.    Capitalized terms not otherwise defined herein shall have the same meaning that they have in the Agreement.

2.    Partnership ownership of a 1% interest in the IL RSA-4 Partnership.

3.    Appendix B of the Agreement is further amended by the addition of the following territory of IL RSA-4 to the Partnership:

Macoupin (I-55 Corridor)

IN WITNESS WHEREOF, the undersigned have caused this Amendment No. 6 to be duly executed by their authorized representatives as of the date first written above.

General Partner:
AMERITECH MOBILE PHONE SERVICE OF
    ILLINOIS, INC.

By: _____
    ROBERT N. REILAND

Title: ASSISTANT SECRETARY


Limited Partner:

MIDWEST CELLULAR ASSOCIATES,
    an Illinois General Partnership
By:  CONSOLIDATED COMMUNICATIONS
    MOBILE SERVICES, INC.,
    Managing Partner

By: _____

Title: _____


Limited Partner:

AMERITECH MOBILE COMMUNICATIONS,
    INC.

By: _____
    DENNIS L. MYERS

Title: VICE PRESIDENT


Limited Partner:

U S WEST NEWVECTOR GROUP, INC.

By: _____

Title: _____

IN WITNESS WHEREOF, the undersigned have caused this Amendment No. 6 to be duly executed by their authorized representatives as of the date first written above.

General Partner:
AMERITECH MOBILE PHONE SERVICE OF
   ILLINOIS, INC.

By: _____

Title: _____


Limited Partner:

MIDWEST CELLULAR ASSOCIATES,
   an Illinois General Partnership
By:  CONSOLIDATED COMMUNICATIONS
       MOBILE SERVICES, INC.,
       Managing Partner

By: _George D. Glenn_

Title: _Vice President_


Limited Partner:

AMERITECH MOBILE COMMUNICATIONS,
   INC.

By: _____

Title: _____


Limited Partner:

U S WEST NEWVECTOR GROUP, INC.

By: _____

Title: _____

IN WITNESS WHEREOF, the undersigned have caused this Amendment No. 6 to be duly executed by their authorized representatives as of the date first written above.

General Partner:
AMERITECH MOBILE PHONE SERVICE OF
    ILLINOIS, INC.

By: _____

Title: _____

Limited Partner:

MIDWEST CELLULAR ASSOCIATES,
    an Illinois General Partnership
By:  ILLINOIS CONSOLIDATED MOBILE
        COMMUNICATIONS, INC.,
      Managing Partner

By: _____

Title: _____

Limited Partner:

AMERITECH MOBILE COMMUNICATIONS,
    INC.

By: _____

Title: _____

Limited Partner:

U S WEST NEWVECTOR GROUP, INC.

By: _____

Title: _____
      Vice President, Bus. Dev. and External
                                  Affairs

AMENDMENT NO. 5

TO THE

AGREEMENT ESTABLISHING
ILLINOIS SMSA LIMITED PARTNERSHIP


Amendment No. 5 made as of August 6, 1990, by and among Ameritech Mobile Phone Service of Illinois, Inc. ("AMPS"), U S West NewVector Group, Inc. ("NewVector") Midwest Cellular Associates ("Midwest"), and Ameritech Mobile Communications, Inc. (hereinafter collectively the "Partnership");

WHEREAS, the parties hereto desire to amend the Agreement to reflect (1) the Partnership's 20% ownership interest in the Illinois Valley Cellular RSA 2-III Partnership ("IL RSA 2-III") serving the following counties:

> Ford
> Livingston
> Iroquois

NOW, THEREFORE, the parties hereto agree and consent to the following:

1. Capitalized terms not otherwise defined herein shall have the same meaning as they have in the Agreement.

2. Partnership ownership of a 20% interest in the IL RSA 2-III Partnership.

3. The provision of MTSO services for the following counties in the IL RSA 2-III Partnership:

> Ford
> Livingston
> Iroquois

4. Notwithstanding anything herein to the contrary, no action or forbearance shall be directed by the Partners, and in no event shall AMPS, AMCI or NewVector be required to participate in any action or forbearance, which is reasonably believed by AMPS, AMCI or NewVector to be violative of the Modification of Final Judgment, as amended from time to time.

IN WITNESS WHEREOF, the undersigned have caused this Amendment No. 5 to be duly executed by their authorized representatives as of the date first written above.

General Partner:
AMERITECH MOBILE PHONE SERVICE
   OF ILLINOIS, INC.
By: _Robert N. Reiland_
   ROBERT N. REILAND
Title: ASSISTANT SECRETARY

Limited Partner:

MIDWEST CELLULAR ASSOCIATES,
   an Illinois General Partnership
By:  CONSOLIDATED COMMUNICATIONS
       MOBILE SERVICES, INC.,
       Managing Partner

By: _____

Title: _____


Limited Partner:

AMERITECH MOBILE COMMUNICATIONS,
   INC.
By: _Dennis L. Myers_
   DENNIS L. MYERS
Title: VICE PRESIDENT


Limited Partner:

U S WEST NEWVECTOR GROUP, INC.

By: _____

Title: _____

IN WITNESS WHEREOF, the undersigned have caused this Amendment No. 5 to be duly executed by their authorized representatives as of the date first written above.

General Partner:
AMERITECH MOBILE PHONE SERVICE
    OF ILLINOIS, INC.

By: _____

Title: _____

Limited Partner:

MIDWEST CELLULAR ASSOCIATES,
    an Illinois General Partnership
By:  ILLINOIS CONSOLIDATED
        MOBILE COMMUNICATIONS, INC.,
        Managing Partner

By: _____

Title: _____


Limited Partner:

AMERITECH MOBILE COMMUNICATIONS,
    INC.

By: _____

Title: _____


Limited Partner:

U S WEST NEWVECTOR GROUP, INC.

By: _____

Title: _____
        Vice President, Bus. Dev. and External
                                    Affairs

AMENDMENT NO. 4

TO THE

AGREEMENT ESTABLISHING
ILLINOIS SMSA LIMITED PARTNERSHIP

Amendment No. 4 made as of August 6, 1990, by and among Ameritech Mobile Phone Service of Illinois, Inc. ("AMPS"), U.S. West NewVector Group, Inc. ("New Vector"), Midwest Cellular Associates ("Midwest"), and Ameritech Mobile Communications, Inc. ("AMCI") (hereinafter collectively the "Partnership");

WHEREAS, The parties hereto desire to add a portion of Illinois Rural Service Area No. 5 ("RSA No. 5") in which cellular service is provided pursuant to the agreement to include the following counties:

MASON

LOGAN

DEWITT

PIATT

MOULTRIE

NOW, THEREFORE, the parties hereto agree and consent to the following:

1. Capitalized terms not otherwise defined herein shall have the same meaning that they have in the Agreement.

2. Appendix B of the Agreement is amended by the addition of RSA No.5.

IN WITNESS WHEREOF, the undersigned have caused this Amendment No. 4 to be duly executed by their authorized representatives as of the date first written above.

General Partner:
AMERITECH MOBILE PHONE SERVICE
  OF ILLINOIS, INC.

By: _Robert N. Reiland_
    ROBERT N. REILAND
Title: ASSISTANT SECRETARY


Limited Partner:
MIDWEST CELLULAR ASSOCIATES
  an Illinois General Partnership
BY: CONSOLIDATED COMMUNICATIONS
    MOBILE SERVICES, INC.,
    Managing Partner

By:_____

Title:_____


Limited Partner:
AMERITECH MOBILE COMMUNICATIONS,
  INC.

By: _Dennis L. Myers_
    DENNIS L. MYERS
Title: VICE PRESIDENT


Limited Partner:
US WEST NEWVECTOR GROUP, INC.

By: _____

Title: _____

IN WITNESS WHEREOF, the undersigned have caused this Amendment No. 4 to be duly executed by their authorized representatives as of the date first written above.

General Partner:
AMERITECH MOBILE PHONE SERVICE
   OF ILLINOIS, INC.

By: _____

Title: _____


Limited Partner:
MIDWEST CELLULAR ASSOCIATES
   an Illinois General Partnership
BY: CONSOLIDATED COMMUNICATIONS
   MOBILE SERVICES, INC.,
   Managing Partner

By: _George B. Flom_

Title: _Vice President_


Limited Partner:
AMERITECH MOBILE COMMUNICATIONS,
   INC.

By: _____

Title: _____


Limited Partner:
US WEST NEWVECTOR GROUP, INC.

By: _____

Title: _____

IN WITNESS WHEREOF, the undersigned have caused this Amendment No. 4 to be duly executed by their authorized representatives as of the date first written above.

General Partner:
AMERITECH MOBILE PHONE SERVICE
    OF ILLINOIS, INC.

By: _____

Title: _____


Limited Partner:
MIDWEST CELLULAR ASSOCIATES
  an Illinois General Partnership
BY: ILLINOIS CONSOLIDATED
    MOBILE COMMUNICATIONS, INC.,
    Managing Partner

By:_____

Title:_____


Limited Partner:
AMERITECH MOBILE COMMUNICATIONS,
    INC.

By: _____

Title: _____


Limited Partner:
~~US WEST NEWVECTOR GROUP, INC.~~
U S WEST NewVector Group, Inc.
By: _____

Title: _____ Vice President, Bus. Dev. and External Affairs

AGREEMENT AND AMENDMENT NO. 3

TO THE

AGREEMENT ESTABLISHING
ILLINOIS SMSA LIMITED PARTNERSHIP

AMONG

AMERITECH MOBILE PHONE SERVICE OF ILLINOIS, INC.

U S WEST NEWVECTOR GROUP, INC.

MIDWEST CELLULAR ASSOCIATES

AND

AMERITECH MOBILE COMMUNICATIONS, INC.

        Agreement and Amendment No. 3 (this "Agreement") to the
Agreement of Limited Partnership of Illinois SMSA Limited
Partnership dated as of February 5, 1987, as amended (the
"Partnership Agreement") made as of this 14th day of December,
1989, by and among Ameritech Mobile Phone Service of Illinois,
Inc. ("AMPS"), U S West NewVector Group, Inc. ("NewVector"),
Midwest Cellular Associates ("Midwest")  (AMPS, NewVector and
Midwest are sometimes collectively referred to herein as the
"Partners") and Ameritech Mobile Communications, Inc. ("AMCI").

        WHEREAS, American Information Technologies Corporation
("AITC"), AMCI, Mt. Pulaski Cellular Company ("Mt. Pulaski") and
Mt. Pulaski Telephone and Electric Company of Mt. Pulaski, Ill.
are parties to an Acquisition Agreement (the "Acquisition
Agreement") whereby Mt. Pulaski will merge with and into AMCI
with AMCI as the surviving corporation (the "Merger");

        WHEREAS, the execution of the Acquisition Agreement
triggered the Partners' right of first refusal under the
Partnership Agreement;

        WHEREAS, upon the consummation of the transactions
contemplated by the Acquisition Agreement (the "Transaction"),
AMCI will succeed (by operation of law) to Mt. Pulaski's
ownership interest in the Illinois SMSA Limited Partnership (the
"Partnership") (Mt. Pulaski's ownership interest in the

Partnership is hereinafter referred to as the "Mt. Pulaski Interest");

WHEREAS, in order to consummate the Transaction, it is necessary to obtain the acknowledgement and consent of the Partners;

WHEREAS, Midwest and NewVector each desire to waive their right of first refusal;

WHEREAS, Midwest and NewVector each desire to make a capital contribution to the Partnership; and

WHEREAS, the Partners and AMCI desire to amend the Partnership Agreement in certain respects.

Now, therefore, in consideration of the premises and the mutual promises herein made, and in consideration of the representations, warranties, and covenants herein contained, the parties hereto agree as follows (certain terms not otherwise defined herein have the meaning set forth in the Partnership Agreement):

1.    Conditions to Performance.  The obligations of each of the parties hereto are subject to the satisfaction of the following condition:

(a)  Consummation of Merger.  The Acquisition Agreement shall have been executed by each of the parties thereto and the Merger shall have been consummated.

2.    Limited Partners' Consent to Transaction.  Each of NewVector and Midwest hereby acknowledge and consent to the Transaction.

3.    Limited Partners' Waiver of Rights.  Each of NewVector and Midwest hereby waive any and all rights they may have in and to the Mt. Pulaski Interest (arising out of the Transaction) pursuant to the terms of the Partnership Agreement, including any rights afforded under Section 8.2 of the Partnership Agreement.

4.    Limited Partners' Acknowledgement of Substitution. Each of NewVector and Midwest hereby acknowledge AMCI as a substitute Limited Partner under the Partnership Agreement (as contemplated by Section 8.5 of the Partnership Agreement) in substitution of and replacement of Mt. Pulaski, thereby, pursuant to the Transaction, succeeding to all of the rights, interests, liabilities and obligations of Mt. Pulaski under the Partnership Agreement.

5.    <u>General Partner's Acknowledgement and Consent</u>.
AMPS hereby acknowledges and consents to the Transaction and,
pursuant to Section 8.5(b) of the Partnership Agreement, AMPS
hereby consents to the admission of AMCI as a Limited Partner in
the Partnership, in substitution of and replacement of Mt.
Pulaski, thereby, pursuant to the Transaction, succeeding to all
of the rights, interests, obligations and liabilities of Mt.
Pulaski under the Partnership Agreement.

6.    <u>NewVector and Midwest Contribution of Capital</u>.
Midwest and NewVector each desire to contribute (to their
respective Capital Accounts) the following amounts to the
Partnership as Capital Contributions:

| | |
|---|---|
| Midwest | $2,735,300 |
| NewVector | $1,264,700 |

7.    <u>AMCI's Limited Right of Indemnification.</u>

A.    Should AMCI or any member of its consolidated
group (including AMCI, the "Group") be required to pay any
federal or state income taxes due to their recognition of any
gain for federal or state income tax purposes resulting from
either (i) a Disposition of any portion of the Mt. Pulaski
Interest or (ii) any distribution by the Partnership pursuant to
the Partnership Agreement (including without limitation, the
situation where such gain reduces a tax benefit, such as a loss
or deduction, in one year, and such benefit is no longer
available in a subsequent year, thus increasing federal or state
income taxes in the subsequent year), NewVector and Midwest agree
that they shall severally, but not jointly, indemnify the Group
by paying AMCI, on behalf of the Group, the following portions of
the sum of (x) such federal and state income taxes and (y) the
federal and state income tax liability on the receipt of the
payment of the amount specified in clause (x) and amounts payable
under this clause (y) (such grossed-up indemnity payment being
referred to as the "Tax Liability"):  Midwest - 27.353%; and
NewVector - 12.647%.  Midwest's and NewVector's total obligations
to indemnify AMCI pursuant to this Section 7, however, shall in
no event exceed the following amounts:  Midwest - $1,644,305.01;
and NewVector - $760,264.89.

B.    If AMCI, AMPS or any Affiliate thereof decides to
dispose of a portion (but less than all) of its Partnership
Interest, a portion of the General Partnership Interest of AMPS
shall be converted to a Limited Partnership interest and disposed
of prior to any disposition of the Mt. Pulaski Interest;
provided, however, in no event shall the General Partner Interest
owned by AMPS ever represent less than one percent of the total
Percentage Interests of the Partnership.

-3-

C.   Upon its determination that any taxes subject to
paragraph A above will be required within the next 12 months to
be paid by a member of the Group, AMCI shall send to Midwest and
NewVector a written statement containing a computation of the
amount of the related Tax Liability and the date(s) on which the
Group is or will be required to make actual payment of such
taxes.  Midwest and NewVector shall make their respective
indemnity payments within ten business days of the later of (i)
the actual receipt of such written statement from AMCI or (ii)
the actual tax payment date(s) set forth on such notice;
provided, however, that if Midwest and NewVector deliver to AMCI
within ten business days after actual receipt of such written
statement from AMCI their written objection, in reasonable
detail, to such computation, AMCI shall cause the independent
certified public accounting firm AMCI uses in the ordinary course
to recompute the amount of the Tax Liability and send Midwest and
NewVector a written statement of such recomputation, in which
case Midwest and NewVector shall make their respective indemnity
payments within five business days of the later of (x) the actual
receipt of such written statement from such accountants or (y)
the actual tax payment date(s) set forth on such notice.

8.   Satisfaction of Section 8.5(a).  Each of the
Partners and AMCI agree that the plan of merger executed by and
among AMCI, Mt. Pulaski and AITC (a copy of which is attached
hereto as Exhibt A) satisfies the condition (regarding Substitute
Limited Partners) set forth in Section 8.5(a) of the Partnership
Agreement.

9.   Amendment to Partnership Agreement.  The
Partnership Agreement is amended as follows:

A.   The first paragraph of the Partnership Agreement
is amended as follows:

THIS AGREEMENT is made as of the 5th day of February,
1987, by and between Ameritech Mobile Phone Service of Illinois,
Inc., a corporation organized and existing under the laws of the
State of Illinois and having its principal place of business at
1515 Woodfield Road, Schaumburg, Illinois 60173 ("AMPS"),
Ameritech Mobile Communications, Inc., a corporation organized
under the laws of the State of Delaware and having its principal
place of business at 1515 Woodfield Road, Suite 1400, Schaumburg,
Illinois 60173 ("AMCI"), U S West NewVector Group, Inc., a
corporation organized and existing under the laws of the State of
Colorado and having its principal place of business at 3350 161st
Avenue S.C., Bellevue, Washington 98008-1329 ("NewVector") and
Midwest Cellular Associates, a general partnership organized and
existing under the laws of the State of Illinois and having its
principal place of business at 121 South Seventeenth Street,
Mattoon, Illinois 61938 ("Midwest").

-4-

B.    Section 1.25 of the Partnership Agreement is amended as follows:

"Percentage Interest" of a Partner means the respective percentages set forth below next to each Partner's name:

AMPS         46.364%
Midwest      27.353%
NewVector    12.647%
AMCI         13.636%

C.    Section 1.20 of the Partnership Agreement is amended as follows:

"Limited Partner" means each of NewVector, Midwest, and AMCI and any person admitted as an additional or substitute limited partner of the Partnership in accordance with this Agreement and the Act, in such Person's capacity and as a limited partner of the Partnership.  Any Person may be both a General Partner and a Limited Partner of the Partnership.

D.    Section 15.9 of the Partnership Agreement is amended to add the following language at the end of the Section:

Ameritech Mobile Communications, Inc.
1515 Woodfield Road
Suite 1400
Schaumburg, Illinois 60173

E.    Section 5.4 of the Partnership Agreement is amended as follows:

5.4   Allocations of Tax Profits and Tax Losses.  Except as otherwise provided in Section 5.6 and except as otherwise required by regulations prescribed under Sections 706(d) and 704(b) of the Code (or their successors), Tax Profits and Tax Losses for each fiscal year of the Partnership shall be apportioned ratably to each day of such year and each day's share of such Tax Profits and Tax Losses shall be allocated to the Partners in proportion to their respective Percentage Interests on such date.

F.    Section 5.6(b) of the Partnership Agreement is amended as follows:

-5-

(b)  Notwithstanding paragraph (a) above, to the extent that either Section 704(c) or Section 704(b) of the Code (or their successors) and regulations prescribed thereunder otherwise require, such Tax Losses and Tax Profits with respect to such property contributed to the Partnership shall be allocated in accordance with such Code sections (or their successors) and regulations.

G.    Section 5.7 of the Partnership Agreement is amended as follows:

5.7  Distributions.  Subject to Sections 9.4, 9.5, 11.2 and 11.3, funds of the Partnership from all sources (other than Capital Contributions), less appropriate reserves as are determined by the General Partner to be reasonably necessary for administrative and operating expenses, loan payments and other costs and expenses and contingencies, shall be distributed no less than quarterly and as promptly as practicable after the end of each fiscal quarter, provided, however, that the General Partner shall make no distribution from the Partnership until after the Limited Partner Capital Contributions provided for in Amendment No. 2 to this Agreement dated December 14, 1989 have been expended.  Each distribution pursuant to this Section 5.7 shall be made to the Partners in proportion to the weighted average of their respective Percentage Interests during the relevant fiscal quarter (or during any other fiscal period with respect to which a distribution may be made).

H.    Section 4.12 of the Partnership Agreement is amended to delete paragraphs (c), (d) and (e) in their entirety.

I.    Section 4.5 of the Partnership Agreement is amended as follows:

4.5  Failure to Make Additional Capital Contribution.

(a) Should any Partner notify the General Partner that it does not intend to make an Additional Capital Contribution, or fail to pay its Additional Capital Contribution when due, all or any number of the other Partners may make a loan (the "Loan") to the Partnership, on a pro rata basis according to their then current respective Percentage Interests, in an aggregate amount equal to the Additional Capital Contribution and such Loan shall be made in lieu of making the Additional Capital Contribution. Such Loans shall bear interest at a rate equal to the rate specified in Section 4.6(x) plus 10% per annum.  Notwithstanding Section 5.7 of this Agreement, all funds of the Partnership from all sources, less appropriate reserves as are determined by the General Partner to be reasonably necessary for administration and operating expenses (including other loan payments and other costs, expenses and contingencies), shall be used to repay the

-6-

Loans and interest thereon prior to the payment of any other distribution to the Partners under the Partnership Agreement. Any such Loan shall be made to the Partnership on the date set forth in a notice from the General Partner to the Partner making such Loan, which date shall not be less than two days from the date of such notice and shall be the first day of a month. The General Partner may make such a Loan as a Limited Partner, if it so desires.

(b)   In the event any Loan is treated for tax or other purposes (either by a court of competent jurisdiction or the Internal Revenue Service) as a Capital Contribution (a "Converted Capital Contribution"), then all such Converted Capital Contributions shall be deemed to have a priority over all other Capital Contributions and, notwithstanding Section 5.7 of this Agreement, all funds of the Partnership from all sources, less appropriate reserves as are determined by the General Partner to be reasonably necessary for administrative and operating expenses (including loan payments and other costs and expenses and contingencies), shall be returned to the Partners making the Loans until such time as such Partners have recovered the entire amount of their respective Converted Capital Contributions plus an amount equal to the interest on the Loan under paragraph (a) above.

10.   Counterparts.  This Agreement may be executed in two or more counterparts, each of which shall be deemed to be an original but all of which together shall constitute one and the same instrument.

\*     \*     \*     \*     \*

-7-

RSL450A.TXT

    IN WITNESS WHEREOF, the undersigned have caused this
Agreement and Amendment No. _23_ to be duly executed by their
authorized representatives as of the day first written above.


General Partner:
AMERITECH MOBILE PHONE SERVICE
OF ILLINOIS, INC.

Attest: _____

By: _____

Its: ___Assistant Secretary___

Its: _____Vice President_____

Limited Partner:
MIDWEST CELLULAR ASSOCIATES,
an Illinois General Partnership
By:  CONSOLIDATED COMMUNICATIONS
MOBILE SERVICES INC.,
Managing Partner

Attest: _C.K. Chaplin_

Its: _Secretary_

By: _SL Grissom_

Its: _Treasurer_

RSL450A.TXT

Limited Partner:
U S WEST NEWVECTOR GROUP, INC.

Attest: _____ By: _____

By: ___Assistant Secretary___    Its: _Vice President – External Affairs_

RSL450A.TXT

Limited Partner:
AMERITECH MOBILE
COMMUNICATIONS, INC.

Attest: _____

Its: ____Vice President_____

By: _____

Its: ____Vice President_____

*Review memo to file LAW DEPT. CONTROL NO. _____*
*is attached.*

## CONTRACT APPROVAL REQUEST

ORIGINATING DEPARTMENT          *External Affairs*

EMPLOYEE ORIGINATING CONTRACT   *Kraemer*        EXT. *7968*

VENDOR'S NAME                   *Illinois SMSA Limited*
    ADDRESS                     *Partnership*

    TELEPHONE

TYPE OF SERVICE/PRODUCT UNDER CONTRACT   *Amendments 4, 5, 6*

TERMS AND CONDITIONS   (BEGINNING DATE)   *to pre-existing partner-*
           (ENDING DATE)      *ship which incorporates*
           (TOTAL AMOUNT)     *Rolstine and RSA owner-*
           (OTHER COSTS)      *ship identification.*

(1)   The above information must be complete before delivery of this
     form and the original contracts to the Law Department.

(2)   The contracts must be complete duplicate originals, including
     referenced exhibits.

(3)   The attached original contracts should be executed by or on
     behalf of the Vendor before submitting for review.

---------------------------------------------------------------------

## REVIEW AND APPROVAL

LAW DEPARTMENT REVIEW        BY: _____ DATE *12-18-9*
                           NAME

FINANCE DEPARTMENT APPROVAL  BY: _____ DATE *10/18/90*
                           NAME  JOHN M. STACHOWIAK

EXECUTIVE DEPARTMENT APPROVAL  BY: _____ DATE_____
                           NAME  REYNIE ORTIZ

(1)   Deliver one original, fully-executed contract to Vendor.

(2)   Deliver one original, fully-executed contract with
     fully-executed Contract Approval Request to Finance
     Department, Accounts Payable, for retention.

(3)   Recommendation:  Originating department should keep a file
     copy of the signed contract.

(Rev. 01/19/88)

LAW DEPARTMENT   1

DEC 26 1990

*3/2/90*
*to FIREPR*
*—Bra.*

AMENDMENT NO. 2

TO THE

AGREEMENT ESTABLISHING
ILLINOIS SMSA LIMITED PARTNERSHIP

AMONG

AMERITECH MOBILE PHONE SERVICE OF ILLINOIS, INC.

INLAND CELLULAR TELEPHONE COMPANY

MT. PULASKI CELLULAR COMPANY

U S WEST NEWVECTOR GROUP, INC.

MIDWEST CELLULAR ASSOCIATES

AND

PRAIRIE CELLULAR TELEPHONE COMPANY

Amendment No. 2 made as of September 1, 1989, by and among Ameritech Mobile Phone Service of Illinois, Inc. ("AMPS"), Inland Cellular Telephone Company ("Inland"), Mt. Pulaski Cellular Company ("Mt. Pulaski"), U S West NewVector Group, Inc. ("New Vector"), Midwest Cellular Associates ("Midwest") and Prairie Cellular Telephone Company ("Prairie") (hereinafter collectively the "Partnership");

WHEREAS, pursuant to Section 8.2.1(e) of the Illinois SMSA Limited Partnership Agreement dated February 5, 1987 and an Assignment dated November 30, 1987 (Exhibit "A"), Inland assigned one-half of its Partnership Interest to Prairie;

WHEREAS, pursuant to Amendment No. 1 to the Illinois SMSA Limited Partnership dated November 30, 1987, Prairie Cellular Telephone Co. was admitted as a Limited Partner to the Partnership;

WHEREAS, the parties hereto desire to amend the Agreement to reflect the sale of Inland's 7.50% Limited Partnership interest to Midwest Cellular Associates, a limited partner to the Partnership Agreement, and the sale of Prairie's 7.50% Limited Partnership interest to Midwest Cellular Associates, a limited partner to the Partnership Agreement.

NOW, THEREFORE, the parties hereto agree and consent to the following:

1. Capitalized terms not otherwise defined herein shall have the same meaning as they have in the Agreement.

- 1 -

2.  Percentage ownership interests after the sale of Inland
Cellular Telephone Co. and Prairie Cellular Telephone Co.'s inter-
est to Midwest Cellular Associates will be as follows:

| | |
|---|---|
| Ameritech Mobile Phone Service of Illinois, Inc. | 51.00% |
| Mt. Pulaski Cellular Company | 15.00% |
| U S West NewVector Group, Inc. | 10.75% |
| Midwest Cellular Associates | 23.25% |
| | 100.00% |

3.  Midwest Cellular Associates is hereby made a Limited
Partner with respect to the 7.5% Limited Partnership Interest
purchased from Inland, and the 7.5% Limited Partnership Interest
purchased from Prairie.

IN WITNESS WHEREOF, the undersigned have caused this Amendment
No. 2 to be duly executed by their authorized representatives as of
the date first written above.

Attest: _Robert N Kral_

Title: _ASST. SECRETARY_

General Partner:
AMERITECH MOBILE PHONE SERVICE
OF ILLINOIS, INC.

By: _____

Title: _Vice President_

60/vrane

- 2 -

Limited Partner:

INLAND CELLULAR TELEPHONE CO.

Attest: *Marilyn Schum*
Title: *Admin. Asst.*

By: _____
Title: _____

Limited Partner:

MT. PULASKI CELLULAR COMPANY

Attest: _Donna Wyles_
Title: _Office Manager_

By: _J R Aodae ae_
Title: _President_

Limited Partner:

U S WEST NEWVECTOR GROUP, INC.

Attest: _Milo R. Kraemer_  By: _____

Title: _Assistant Secretary_  Title: _Vice President,_
                                      _External Affairs_

Limited Partner:

MIDWEST CELLULAR ASSOCIATES,
an Illinois General Partnership
By:  ILLINOIS CONSOLIDATED
MOBILE COMMUNICATIONS, INC.,
Managing Partner

By: _C. R. Chaplin_

Attest: _C. R. Chaplin_
Title: _Secretary_

By: _____
Title: _President_

- 6 -

Limited Partner:

PRAIRIE CELLULAR TELEPHONE CO.

Attest: _Marilyn Schum_
Title: _Admin Ast._

By: _[signature]_
Title: _Vice President_

AMENDMENT NO. 1

TO THE

AGREEMENT ESTABLISHING
ILLINOIS SMSA LIMITED PARTNERSHIP

AMONG

AMERITECH MOBILE PHONE SERVICE OF ILLINOIS, INC.

INLAND CELLULAR TELEPHONE CO.

MT. PULASKI CELLULAR COMPANY

U S WEST NEWVECTOR GROUP, INC.

MIDWEST CELLULAR ASSOCIATES

AND

PRAIRIE CELLULAR TELEPHONE CO.


Amendment No. 1 made as of November 30, 1987, by and among Ameritech Mobile Phone Service of Illinois, Inc. ("AMPS"), Inland Cellular Telephone Co. ("Inland"), Mt. Pulaski Cellular Company, ("Mt. Pulaski"), U S West NewVector Group, Inc. ("NewVector"), Midwest Cellular Associates ("Midwest") and Prairie Cellular Telephone Co. ("Prairie")(hereinafter collectively the "Partnership");

WHEREAS, pursuant to Section 8.2.1(e) of the Illinois SMSA Limited Partnership Agreement dated February 5, 1987 and an Assignment dated November 30, 1987 (Exhibit "A"), Inland assigned one-half of its Partnership Interest to Prairie.

WHEREAS, the parties hereto wish to add Prairie Cellular Telephone Co. as a new Limited Partner to the Partnership;

NOW THEREFORE, the parties hereto agree and consent to be bound as follows:

1.    Prairie Cellular Telephone Co. is admitted to the Partnership in the capacity of a Limited Partner, with all the duties, powers and rights of a Limited Partner.

3.    The Agreement is amended as follows:

      (a) Section 15.9 is amended to add the following language at the end thereof:


- 1 -

Prairie Cellular Telephone Co.
1400 West Anthony Drive
Post Office Box 3000
Champaign, Illinois 61281
Attention: President

4.   Percentage ownership interests after the addition of Prairie
     Cellular Telephone Co. will be as follows:

| | |
|---|---:|
| Ameritech Mobile Phone Service of Illinois, Inc. | 51.00% |
| Mt. Pulaski Cellular Company | 15.00% |
| U S West NewVector Group, Inc. | 10.75% |
| Midwest Cellular Associates | 8.25% |
| Inland Cellular Telephone Co. | 7.50% |
| Prairie Cellular Telephone Co. | 7.50% |
| | 100.00% |

     IN WITNESS WHEREOF, the undersigned have caused this Amendment
No. 1 to be duly executed by their authorized representatives as of
the day first written above.

General Partner:
AMERITECH MOBILE PHONE SERVICE
OF ILLINOIS, INC.

Attest: _____   By: _____
Title: ASSISTANT SECRETARY   Title: PRESIDENT

- 2 -

Limited Partner:
INLAND CELLULAR TELEPHONE CO.

Attest: _George E. Bradford_                  By: _James L. Capel Jr_
        Title: _Secretary_                        Title: _President_

- 3 -

Limited Partner:
MT. PULASKI CELLULAR COMPANY

Attest _Joseph R Allandy_  By: _Joseph R Allandy_
Title: SECRETARY     Title: PRESIDENT

Limited Partner:
U S WEST NEWVECTOR GROUP, INC.

Attest: _____  By: _____
Title: Secretary          Title: President
Joseph C. O'Neil          John E. DeFeo

Limited Partner:
MIDWEST CELLULAR ASSOCIATES,
an Illinois General Partnership
By:  ILLINOIS CONSOLIDATED
MOBILE COMMUNICATIONS, INC.,
Managing Partner

Attest: _C. R. Chaplin_          By: _Richard D. Lumpt_
       Title: Secretary               Title:  Chairman of the Board
                                of Directors

- 6 -

Limited Partner:
PRAIRIE CELLULAR TELEPHONE CO.

Attest: _____    By: _____

Title: _____    Title: _____
       Secretary                   President

- 7 -

## ASSIGNMENT

THIS ASSIGNMENT is made this 30th day of November, 1987 by INLAND CELLULAR TELEPHONE CO. ("Assignor") to PRAIRIE CELLULAR TELEPHONE CO. ("Assignee").

W I T N E S S E T H:

WHEREAS, Assignor is a limited partner of the Illinois SMSA Limited Partnership and holds a fifteen percent (15%) ownership interest in said Partnership; and

WHEREAS, Assignor, on the date hereof, is selling and assigning one half of its ownership interest for a 7.5% interest as a limited partner in the Illinois SMSA Limited Partnership to Assignee; and

WHEREAS, this Agreement or disposition is provided for in paragraph 8.2.1(e) of the Agreement of the Limited Partnership of the Illinois SMSA Limited Partnership dated February 5, 1987.

NOW, THEREFORE, for One Dollar ($1.00) and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged by execution hereof, Assignor hereby assigns, transfers and sets over to Assignee fifty percent (50%) of Assignor's right, title and interest in said Illinois SMSA Limited Partnership (said fifty percent (50%) of Assignor's right, title and interest being a 7.5% total ownership interest in said Illinois SMSA Limited Partnership) on the date hereof, including without limitation, the profits, losses and distributions accruing to the Interest from and after the date hereof and the capital account of Assignor related to the Interest, free and clear of any and all liens, claims, security interests, charging orders, encumbrances and restrictions of any nature whatsoever.

IN WITNESS WHEREOF, Assignor has caused this Assignment to be executed on the date set forth above.

Assignor:

INLAND CELLULAR TELEPHONE CO.

Name:    James L. Capel, Jr.
Title:    President

ATTEST:

By:
Name:    George E. Bradford
Title:    Secretary

## ACCEPTANCE

The undersigned, being the Assignee above-mentioned, does hereby accept the foregoing Assignment subject to all of the terms and provisions thereof and agrees to be bound by all of the provisions of and to assume all of the liabilities of a limited partner provided for in the Agreement of the Limited Partnership of the Illinois SMSA Limited Partnership dated February 5, 1987.

Dated this 30th day of November, 1987.

Assignee:

PRAIRIE CELLULAR TELEPHONE CO.

Name:    William W. Capel
Title:    President

ATTEST:

By:
Name:    Francis J. Jahn
Title:    Secretary