# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
**Urbana Division**

| | |
|---|---|
| **CASS TELEPHONE COMPANY,** ) | |
| an Illinois corporation, ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | Case No. 04-2185 |
| **MCLEODUSA HOLDINGS, INC.,** ) | |
| an Iowa corporation, ) | |
| Defendant. ) | |

## AGREED PROTECTIVE ORDER

Pursuant to Fed. R. Civ. P. 26(c) and by agreement of McLeodUSA Holdings, Inc. and McLeodUSA Telecommunications Services, Inc. ("McLeodUSA") and Cass Telephone Company ("Cass") (collectively the "Parties"), the Court finds that good cause exists for entry of a protective order to prevent unauthorized disclosure and use of the Parties' trade secrets and other confidential information during and after the course of this litigation. This Agreed Protective Order ("Order") shall apply to all confidential material produced during the course of this litigation.

**Accordingly, IT IS HEREBY ORDERED THAT:**

**Definition of "Confidential Material"**

1. The term "Confidential Material" shall include all information, documents and other materials revealed or disclosed during the proceedings and trial of the above matter that are designated as "Confidential Material" in the manner set forth in paragraph 3 of this Order. Materials shall be designated by the producing party as "Confidential Material" only when the designating party has a good faith belief that the material contains trade secrets, proprietary information or other confidential information that can be the subject of protection under Fed. R. Civ. P. 26(c). Such designation shall, without more, subject the designated material to the provisions of this Order, and all such material shall be protected, used, handled and disposed of strictly in accordance with the provisions of this Order.

2. Except as specifically authorized by this Court, Confidential Material shall not be disclosed or revealed to anyone not authorized by this Order to receive such material and shall be used only for the purpose of preparing for or conducting this litigation. All persons to whom Confidential Material is disclosed shall be informed of and shown a copy of this Order.

3. In the event the parties disagree over whether a document has been appropriately designated as Confidential Material, the parties shall confer to determine whether such designation should be removed. Only after conferring about such a disagreement shall either party seek relief from the Court regarding a contested designation.

## Designation of Confidential Material

4. Any document produced by a party in this litigation may be designated as Confidential Material by marking it "CONFIDENTIAL." Deposition testimony may be designated as Confidential Material by counsel orally requesting such designation during a deposition or by making a written request within 30 days after the completion of the deposition.

5. If a party determines that it has mistakenly produced a document that contains Confidential Material without properly designating the document, that party may make such a designation seasonably after the production, and the document shall thereafter be treated as Confidential Material.

## Use of Confidential Material

6. Except upon the prior written consent of the party which designates material as confidential, or upon further order of this Court, Confidential Material shall be treated strictly in accordance with the provisions of this Order and may be used or disclosed only as specified in this Order.

7. Access to Confidential Material shall be limited to:

   (a) Counsel for Cass, whether inside counsel or retained counsel, and secretarial and other litigation support personnel reporting directly to them, provided, however, that no Confidential Material of McLeodUSA may be transmitted or otherwise communicated to any other Cass employee, except Cass employees who are assisting in the preparation of Cass' claims or who will be called to testify at trial.

   (b) Counsel for McLeodUSA, whether inside counsel or retained counsel, and secretarial and other litigation support personnel reporting directly to them, provided, however, that no Confidential Material of Cass may be transmitted or otherwise communicated to any other McLeodUSA employee except McLeodUSA employees who are assisting in the preparation of McLeodUSA's defenses or who will be called to testify at trial.

   (c) Outside experts and consultants (and their employees or clerical assistants) who are employed, retained or otherwise consulted by outside counsel of record to assist in any way in the preparation and trial of this litigation. For purposes of this Order, the phrase "outside experts and consultants" shall not include any officer, director or employee of any party or any person regularly employed, retained or otherwise consulted by a party on matters not pertaining to this litigation. Confidential Material shall not be disclosed to any person under this paragraph unless and until such person has agreed in writing to be bound by the terms of this Order by signing an agreement in the form of that attached as Exhibit A hereto.

      (d) Court personnel in the conduct of their official duties and the trier of fact.

      (e) Qualified persons taking testimony involving Confidential Material and necessary stenographic and clerical personnel thereof.

      (f) Duplicating services, and auxiliary services of a like nature, engaged by counsel.

    8. Confidential Material produced by a party may be disclosed to a witness on behalf of, or any employee of, that party in the course of his or her deposition in this action. Confidential Material may be disclosed to a third party witness only if the deponent is reasonably believed to be already familiar with such Confidential Material. If filed, a deposition which contains Confidential Material, either in testimony or exhibits, shall be filed with the Clerk of the Court under seal.

    9. Confidential Material may be used or submitted to the Court in connection with any filing or proceeding in this litigation, but the party using such Confidential Material shall cause it to be filed separately under seal with the Clerk of the Court in accordance with the Court's Local Rules.

    10. Confidential Material may be used in the course of the trial of this action, subject to such restrictions as the Court may find are reasonable to protect its confidentiality.

    11. In the event either of the Parties (a) is subpoenaed in another action, or (b) is served with a demand in another action to which it is a party, or (c) is served with any other legal process by a person not a party to this litigation, and is requested to produce or otherwise disclose Confidential Material that was designated as Confidential Material by the other party, the party subpoenaed or served as referred to in this paragraph shall object to production of the Confidential Material and shall give written notice to the other party within five days. Should the person seeking access to the Confidential Material take action against the party covered by this Order to enforce such a subpoena, demand or other legal process, it shall respond by setting forth the existence of this Order. Nothing in this Order shall be construed as requiring the party covered by this Order to challenge or appeal any order requiring production of Confidential Material covered by this Order, to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court.

    12. Upon the final conclusion of this litigation, including any time for appeal, all persons to whom Confidential Material has been disclosed shall, without demand, either (a) destroy, or (b) return to the party that originally produced it, all Confidential Material (and all copies of such material) and all other documents containing information taken from the Confidential Material, except that each party's outside counsel may retain copies of pleadings, briefs, motions and the like actually filed in Court that include Confidential Material.

    13. Upon the final conclusion of this litigation:

(a) any Confidential Material produced hereunder that has been submitted for identification or into evidence at any hearing or trial in this litigation may be withdrawn by counsel for the person who offered such Confidential Material into evidence;

(b) the clerk is authorized to deliver said Confidential Material to said counsel;

(c) any such Confidential Material not returned to counsel shall be destroyed.

14. Nothing in this Order shall be deemed a waiver of any right any party otherwise might have under the Federal Rules or the doctrines of attorney-client privilege or attorney work-product.

15. This Order shall survive the final conclusion of this litigation and continue in full force and effect and the court shall retain jurisdiction to enforce this Order.

| | |
|---|---|
| McLeodUSA Holdings, Inc. and<br>McLeodUSA Telecommunications Services, Inc.<br>By: s/Edward F. Malone<br>One of Their Attorneys<br>Edward F. Malone<br>Daniel J. Weiss<br>Andrew W. Vail<br>JENNER & BLOCK LLP<br>One IBM Plaza<br>Chicago, Illinois 60611<br>(312) 222-9350<br>(312) 840-7517<br>emalone@jenner.com<br>dweiss@jenner.com<br>avail@jenner.com | Cass Telephone Company<br>By: s/Keith E. Emmons<br>One of Its Attorneys<br>Keith E. Emmons<br>MEYER CAPEL<br>P.O. Box 6750<br>306 West Church Street<br>Champaign, Illinois 61826-6750<br>(217) 352-1800<br>(217) 352-1083<br>kemmons@MeyerCapel.com |

**IT IS ORDERED** that the Joint Motion for Protective Order **(#43)** is **ALLOWED** and the above Agreed Protective Order is approved and adopted by this Court.

ENTER this 7th day of April, 2005.

s/ DAVID G. BERNTHAL
U.S. MAGISTRATE JUDGE

4