IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA/DANVILLE DIVISION

| | | |
|---|---|---|
| CASS TELEPHONE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 04-2185 |
| | ) | |
| MCLEODUSA HOLDINGS, INC., and | ) | |
| MCLEODUSA TELECOMMUNICATIONS, | ) | |
| INC. | ) | |
| | ) | |
| Defendants. | | |

**AGREED MOTION TO AMEND DISCOVERY ORDER**

Plaintiff Cass Telephone Company ("Cass" or "Plaintiff"), by and through its counsel, Meyer Capel, A Professional Corporation and Defendants McLeodUSA Holdings, Inc. and McLeodUSA Telecommunications, Inc. ("McLeod" or "Defendants"), by and through their counsel, Jenner & Block LLP, (collectively the "Parties"), respectfully request that this Court grant a revision of the Discovery Order entered on or about November 1, 2004 and amended on March 7, 2005.  In support of its motion, Cass states as follows:

1.    Plaintiff's original Complaint against McLeodUSA Holdings, Inc. ("McLeodUSA Holdings") was filed in the Circuit Court of the Sixth Judicial Circuit, Champaign, Illinois on July 29, 2004.

2.    Defendant McLeodUSA Holdings removed the complaint to the United States District Court for the Central District of Illinois on September 3, 2004 and filed a Motion to Dismiss Counts II, III, and IV of Plaintiff's complaint on September 17, 2004.

3.    On December 27, 2004, the Court entered an Order denying Defendant's Motion to Dismiss Counts II and IV.  The Court dismissed Count III without prejudice and granted Plaintiff leave to amend Count III.

1

4.  Pursuant to the Court's December 27, 2004 Order, Plaintiff filed a Motion for Leave to Join McLeodUSA Telecommunications Services ("MUSATS") as a Defendant on January 10, 2005 and to Amend Count III of its Complaint.

5.  On April 14, 2005, Magistrate Judge David Bernthal entered a Report and Recommendation denying Defendant's Motion to Dismiss Count III.

6.  During the pendency of Defendants' multiple motions to dismiss, the parties have been diligently pursuing written discovery. Disclosure statements required by Federal Rule of Civil Procedure 26(a)(1) were served by Plaintiff and Defendant on October 19, 2004 and October 14, 2004, respectively. Plaintiff served interrogatories and requests for production of documents on McLeodUSA on January 26, 2005. Defendants served their first set of discovery requests on February 8, 2005. Answers to discovery were served by Plaintiff and Defendant on March 23, 2005 and March 21, 2005, respectively.

7.  Pursuant to the court's original November 1, 2004 discovery order, non-expert discovery was to be completed by April 6, 2005.

8.  On March 3, 2005, the Parties submitted a joint Motion for Extension of Time in which to complete discovery and that Motion was granted by the Court on March 7, 2005. Pursuant to the March 7, 2005 discovery Order, non-expert discovery is to be completed by May 6, 2005.

9.  Voluminous documents were produced by the Parties both before and after the court entered an Agreed Protective Order on April 7, 2005.

10. Although the Parties originally anticipated non-expert discovery could be completed by May 6, 2005, the Parties anticipate additional time will be needed to review the documents recently produced and to schedule the depositions that will be required in this matter.

11. The Parties further note that additional written discovery will be necessary if the court accepts Magistrate Judge Bernthal's Report and Recommendation denying Defendant's Motion to Dismiss Count III and MUSATS from the complaint.

12. The Parties propose a sixty (60) day extension to the deadline for non-expert discovery (Discovery Order paragraph 3) and a fifteen (15) day extension to the following deadlines: Plaintiff's deadline to disclose experts, provide expert reports and make any such experts available for deposition (Discovery Order paragraph 4); Defendants' deadline to disclose experts, provide expert reports and to make any such experts available for deposition (Discovery Order paragraph 5); the deadline to complete all discovery, including deposition of experts (Discovery Order paragraph 6); and the deadline for filing case dispositive motions (Discovery Order paragraph 7).

13. A proposed Order reflecting the amendments referenced in paragraph 12 above is attached to this Motion as Exhibit A.

14. This Motion is not made for purposes of delay and the Parties do not seek to change the dates set by the Court for the final pre-trial conference or bench trial.

WHEREFORE, by and through their attorneys, Cass and McLeod jointly request that this Court enter an Order extending the discovery deadlines as referenced in the Amended Discovery Order attached to this Motion as Exhibit A.

Dated: April 25, 2005

Respectfully submitted,

CASS TELEPHONE COMPANY,
Plaintiff,

By:   Meyer Capel, A Professional Corporation

s/ Keith E. Emmons

Keith E. Emmons (#0739219)
Meyer Capel, A Professional Corporation
306 West Church Street
P. O. Box 6750
Champaign, IL 61826-6750
Telephone:  217/352-1800
Fax: 217/352-1083
E-mail:  kemmons@meyercapel.com


MCLEODUSA HOLDINGS, INC.,
Defendant,

By:    Jenner & Block LLP

s/ Daniel J. Weiss
Edward F. Malone
Daniel J. Weiss
Attorneys for McLeodUSA Holdings, Inc.
Jenner & Block LLP
One IBM Plaza
Chicago, lllinois 60611
(312) 222-9350
(312) 527-0484
emalone@jenner.com dweiss@jenner.com