E-FILED
Thursday, 28 April, 2005  04:36:40 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA/DANVILLE DIVISION

| | | |
|---|---|---|
| CASS TELEPHONE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-2185 |
| | ) | |
| MCLEODUSA HOLDINGS, INC. and | ) | |
| MCLEODUSA TELECOMMUNICATIONS | ) | |
| SERVICES, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' OBJECTION TO APRIL 14, 2005
REPORT AND RECOMMENDATION REGARDING COUNT III**

Pursuant to Fed. R. Civ. P. 72(a) and Local Rule 72.2(A), Defendants McLeodUSA Holdings, Inc. ("McLeodUSA") and McLeodUSA Telecommunications Services, Inc. ("MUSATS") respectfully object to the April 14, 2005 Report and Recommendation (the "R&R") of Magistrate Judge Bernthal in this matter. In support of their objection, defendants state as follows.

1. McLeodUSA respectfully submits that the April 14 R&R is mistaken and incorrectly applies the law in declining to dismiss Count III of Cass' amended complaint.

2. The basis for McLeodUSA's objection is set out in full in the accompanying memorandum of law. In brief, McLeodUSA contends that the April 14 R&R is contrary to law for the following reasons:

3. *First*, neither the April 14 R&R nor Cass have identified any Illinois case supporting the theory of Cass' Count III that a corporate subsidiary may be held to have coerced or induced its own parent corporation to act contrary to the parent's business relations. That claim is illogical on its face—a parent necessarily exercises control over its subsidiary, not vice

versa.  In the absence of any supporting legal authority, Cass should not be permitted to go forward on its fundamentally illogical claim.

   4. *Second*, the facts pleaded by Cass confirm that MUSATS cannot be treated as an interfering third-party in this action.  As Cass itself pleads, the partnership agreements at the center of Cass' complaint forbade McLeodUSA from offering competing cellular services on its own or *through its corporate affiliates*.  The parties themselves thus explicitly declined to treat corporate subsidiaries as strangers, but rather expressly addressed the conduct of subsidiaries in the partnership agreements.  Cass' theory in Count III is thus directly contrary to the agreements underlying all of Cass' claims.  Moreover, Cass' claim is internally inconsistent because it necessarily depends upon the parties' agreement to treat McLeodUSA and its subsidiaries together while at the same time contending that MUSATS should be treated as an independent interferer.  Cass cannot have it both ways.

   5. *Third*, McLeodUSA respectfully submits that the "piercing the corporate veil" analysis set out in the April 14 R&R does not apply in this context.  Multiple cases recognize that, even leaving the corporate veil intact, corporate parents and subsidiaries share common interests and are thus appropriately treated as acting together rather than as third parties.

   6. For those reasons, and as further detailed in the accompanying memorandum of law, the Court should set aside the April 14 R&R and dismiss Cass' Count III pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted.

**Conclusion**

For the reasons stated above, the Court should set aside the April 14 R&R and dismiss Cass' Count III.

Respectfully submitted,

McLeodUSA Holdings, Inc. and
McLeodUSA Telecommunications Services, Inc.

By:   s/ Edward F. Malone
       One of Its Attorneys

Edward F. Malone
Daniel J. Weiss
Andrew W. Vail
Attorneys for McLeodUSA Holdings, Inc. and
McLeodUSA Telecommunications Services, Inc.
Jenner & Block LLP
One IBM Plaza
Chicago, Illinois 60611
(312) 222-9350
(312) 527-0484 (fax)
emalone@jenner.com
dweiss@jenner.com
avail@jenner.com

April 28, 2005

## CERTIFICATE OF SERVICE

I, Edward F. Malone, an attorney, caused the foregoing **McLEODUSA's OBJECTION TO APRIL 14, 2005 REPORT AND RECOMMENDATION REGARDING COUNT III,** to be filed electronically this 28th day of April, 2005, with the U.S. District Court for the Central District of Illinois Urbana/Danville Division, and a copy of same sent by first-class mail to counsel below.

Keith E. Emmons
Meyer Capel
306 West Church Street
P.O. Box 6750
Champaign, IL  61826-6750

By:    s/ Edward F. Malone