E-FILED
Friday, 15 July, 2005  03:32:29 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBAN/DANVILLE DIVISION

| | | |
|---|---|---|
| CASS TELEPHONE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 04-2185 |
| | ) | |
| McLEODUSA HOLDINGS, INC. and | ) | |
| McLEODUSA TELECOMMUNICATIONS | ) | |
| SERVICES, INC. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### McLEODUSA'S RESPONSE TO CASS' TELEPHONE COMPANY'S MOTION TO AMEND DISCOVERY ORDER

Defendants, McLeodUSA Holdings, Inc. and McLeodUSA Telecommunications Services, Inc. (collectively "McLeodUSA"), by their attorneys Jenner & Block LLP, hereby respond as follows to the July 1, 2005 motion by Cass Telephone Company's ("Cass") to amend the discovery schedule in this matter.

### Argument

Cass' motion requests that the Court eliminate paragraph 3 of the scheduling order the Court entered on April 26, 2005. The effect of that deletion would be to extend the close of fact discovery in the case from July 5, 2005 (the current, expired deadline) until November 15, 2005. McLeodUSA respectfully submits that such an extension would be unwarranted and would interfere with the phased approach for fact and expert discovery set out in the Court's current schedule. McLeodUSA thus opposes Cass' motion, although, as set out below, McLeodUSA agrees that the parties require a limited extension of time in which to take fact depositions.

The Court's current schedule, entered April 26, 2005, provides that all fact discovery was to be completed by July 5, 2005. The Court's schedule further contemplates that the parties would move from a fact discovery phase to an expert discovery phase after July 5, with Cass presenting its expert's report and deposition testimony in July and August, and McLeodUSA doing the same in September and October. Dispositive motions are to follow in December, and trial is scheduled for February 26, 2006.

Under Cass' proposal, all discovery would be extended to November 15, 2005. McLeodUSA respectfully submits that such an extension is unwarranted.

**Written Discovery**

With respect to written discovery, no extension is necessary. Cass has already issued substantial written discovery to McLeodUSA, including:

- 20 interrogatories, dated January 26, 2005;
- 14 document requests, dated January 26, 2005;
- an additional 25 interrogatories, dated June 10, 2005;
- an additional 15 document requests, dated June 10, 2005; and
- an additional 27 document requests, dated July 1, 2005.

Indeed, Cass has now had nearly a year since it filed this case on July 29, 2004 to issue written discovery to McLeodUSA. Cass has made use of that time and has issued quite burdensome discovery, especially given the relatively straightforward factual and legal disputes at issue in this case. McLeodUSA has produced more than two thousand pages of documents. It is unclear to McLeodUSA why, so far into the case, Cass requires four additional months in which to issue even _more_ written discovery. In these circumstances, McLeodUSA submits that a wholesale extension of time for all discovery until November 15 would be unreasonable. Given

the documents and information McLeodUSA has already produced, additional requests from Cass are likely to be unduly burdensome and unlikely to lead to the discovery of any further admissible evidence.

Moreover, an extension until November 15 would dismantle the phased fact and expert discovery stages set out in the Court's current schedule. From the outset of this case, the Court's discovery schedule has provided for a close of written discovery well before the initiation of expert discovery. That phased approach makes sense: the parties should complete their factual investigations of the claims and defenses before focusing their efforts on expert reports and depositions. Further, by requiring the completion of fact discovery before expert reports, the Court's schedule ensured that all relevant factual information would be exchanged before the parties' experts are called upon to formulate their opinions. Under Cass' proposal, however, written fact discovery would continue throughout the former expert discovery phase, distracting the parties and potentially leading to the production of factual material <u>after</u> the deadlines for expert reports and depositions. That conflation of the fact and expert discovery phases lacks reason, and should be avoided.

In sum, McLeodUSA objects to Cass' requested extension as it pertains to written discovery and requests that the Court refuse to extend the current July 5, 2005 deadline.

**<u>Depositions</u>**

McLeodUSA agrees that the parties require additional time for the taking of fact depositions. Despite diligent efforts, both parties have been unable to schedule the depositions they require. Therefore, McLeodUSA would agree to an extension of time to take fact depositions until September 30, 2005. McLeodUSA believes that an extension to November 15, as requested by Cass, would be unnecessarily lengthy and would again interfere with the phased

discovery approach established in the Court's schedule. Although McLeodUSA's proposed extension would encroach somewhat on the planned expert discovery phase, any potential disruption will be limited because the extension would be limited to depositions only and would be 45 days shorter than Cass's proposal, leaving ample time to complete expert discovery following the close of fact discovery.

## Conclusion

For the reasons set forth above, the Court should deny Cass' motion, with the exception of providing an extension until September 30, 2005 for the taking of fact depositions.

        Respectfully submitted,

        McLeodUSA Holdings, Inc. and
        McLeodUSA Telecommunications Services, Inc.

        By:  s/Edward F. Malone
            *One of Their Attorneys*

        Edward F. Malone
        Daniel J. Weiss
        Andrew W. Vail
        JENNER & BLOCK LLP
        One IBM Plaza
        Chicago, Illinois 60611
        (312) 222-9350
        (312) 840-7517
        emalone@jenner.com
        dweiss@jenner.com
        avail@jenner.com

July 15, 2005