IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA/DANVILLE DIVISION

| | | |
|---|---|---|
| CASS TELEPHONE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-2185 |
| | ) | |
| McLEODUSA HOLDINGS, INC. and | ) | NOTICE OF DEPOSITION OF |
| McLEODUSA TELECOMMUNICATIONS | ) | MCLEODUSA HOLDINGS, INC. |
| SERVICES, INC., | ) | |
| | ) | |
| Defendants. | | |

**NOTICE OF DEPOSITION OF MCLEODUSA HOLDINGS, INC.**

To:   McLeodUSA Holdings, Inc.
      c/o Edward F. Malone
      Daniel J. Weiss
      Jenner & Block LLP
      One IBM Plaza
      Chicago, Illinois  60611

      emalone@jenner.com
      dweiss@jenner.com
      avail@jenner.com
      docketing@jenner.com

   On September 13, 2005 beginning at 9:00 am at the offices of Jenner & Block, LLP, One IBM Plaza, Chicago, Illinois, Plaintiff will depose McLeodUSA Holdings, Inc., on the matters described in the attached list. (Exhibit A).

   This is notice to McLeodUSA Holdings, Inc. that Federal Rule of Civil Procedure 30(b)(6) provides that a corporation named in a notice of deposition shall designate one or more officers, directors, managing agents, or other persons to testify on its behalf, and may set forth, for each person designated, the matters on which he will testify.  The rule further provides that the persons so designated shall testify as to matters known or reasonably available to the organization.

   McLeodUSA Holdings, Inc. is requested to produce at the deposition the documents described in the attached list.  (Exhibit B).

Plaintiff recognizes this notice was sent without consultation with McLeodUSA Holdings, Inc. as to the date and location.  Plaintiff is willing to conduct the deposition at another location and on a date agreeable to both parties.

The oral examination will be recorded by stenographic means.

                                    CASS TELEPHONE COMPANY,
                                    Plaintiff

                                  By:    Meyer Capel, a Professional Corporation


                                  By:    <u>s/Keith E. Emmons</u>
                                         Keith E. Emmons (# 0739219)
                                         Attorney for Plaintiff
                                         MEYER CAPEL, A Professional Corporation
                                         306 W. Church Street
                                         P.O. Box 6750
                                         Champaign, IL   61826-6750
                                         Telephone:    217/352-1800
                                         Facsimile:     217/352-1083
                                         kemmons@meyercapel.com

## DEFINITIONS

The following definitions are applicable to terms used in this Notice of Deposition:

    A.    The term "communication" is used herein in its customary, broad sense and includes, but is not limited to, any kind of oral communication between two or more persons or any printed, recorded, computerized (including all forms of computer storage and retrieval), written, graphic or photographic matter (including, without limitation, tape recordings, videotape recordings, CDs and DVDs), however printed, produced, reproduced, coded or stored, of any kind or description, whether sent or received or not, including originals, copies, reproductions, facsimiles, drafts and both sides thereof, and including, without limitation: papers, books, accounts, letters, models, photographs, drawings, sketches, blueprints, objects, tangible things, e-mail, computer records and/or data, computer analysis and/or comparisons, tabulations, statistical or informational accumulations, correspondence, telegrams, cables, telex messages, memoranda, notes, notations, work papers, recordings of telephone or other conversations or of interviews or of conferences or of statements, contracts, agreements, invoices, notebooks, entries, ledgers, journals, books of record or accounts, summaries or accounts, balance sheets, income statements, advertisements, brochures, desk calendars, appointment books, diaries, telephone logs, expense accounts, lists and things similar to any of the foregoing regardless of their author or origin of any kind, however denominated by responding parties. The term "communication" shall also include any and all copies or reproductions of the foregoing which differ in any respect from the original or from one another.

    B.    The term "Midwest Cellular Associates" ("MCA") has the meaning as referenced in Paragraph 4 and Exhibit A of Plaintiff's First Amended Complaint.

C. The term "Illinois SMSA Limited Partnership" ("ILLSMSA") has the meaning as referenced in Paragraph 5 and Exhibit B of Plaintiff's First Amended Complaint.

D. The term ("MUSATS") means McLeodUSA Telecommunications Services, Inc.

E. The term "CGSA" has the meaning as referenced in the ILLSMSA Agreement.

F. The term "Cellular Service" has the meaning as referenced in the ILLSMSA agreement.

**EXHIBIT A**

**MATTERS UPON WHICH MCLEODUSA HOLDINGS, INC.
WILL BE DEPOSED**

(a)   the record retention policy of McLeodUSA Holdings, Inc.

(b)   the records reviewed and the efforts and investigation made by McLeodUSA Holdings, Inc. or MUSATS to identify and locate documents responsive to Plaintiff's First and Second Set of Requests for Production of Documents to McLeodUSA Holdings, Inc. including but not limited to Requests to Produce 1 -7, 9-14, 15-18, 20-21, 23, 25-28 to McLeodUSA Holdings, Inc.

(c)   McLeodUSA Holdings, Inc.'s role in the management of MCA and its denial of the allegation in Count I, paragraph 10 of the First Amended Complaint.

(d)   the facts and circumstances relied upon by McLeodUSA Holdings, Inc. to support its determination that MCA's withdrawal from ILLSMSA was in the best interest of MCA.

(e)   the evaluation and/or analysis completed by McLeodUSA Holdings, Inc. to support its determination that MCA's withdrawal from ILLSMSA was in the best interest of MCA.

(f)   the evaluation and/or analysis completed by McLeodUSA Holdings, Inc. to support any determination that MCA's withdrawal from ILLSMSA was consistent with McLeodUSA Holdings Inc's. fiduciary duty to the MCA.

(g)   the facts and circumstances relied upon by McLeodUSA Holdings, Inc. to support its determination that MCA's withdrawal from ILLSMSA was in the best interest of Cass.

(h) the evaluation and/or analysis completed by McLeodUSA Holdings, Inc. to support its determination that MCA's withdrawal from ILLSMSA was in the best interest of Cass.

(i) the evaluation and/or analysis completed by McLeodUSA Holdings, Inc. to support any determination that MCA's withdrawal from ILLSMSA was consistent with McLeodUSA Holdings, Inc's fiduciary duty to Cass.

(j) the evaluation and/or analysis completed by McLeodUSA Holdings, Inc. to support any determination that McLeodUSA Telecommunications Services, Inc. ("MUSATS") provision of cellular services in the CGSA would not or did not breach the MCA.

(k) the evaluation and/or analysis completed by McLeodUSA Holdings, Inc. to determine whether McLeodUSA Holdings, Inc.'s interest in MCA could have been sold or otherwise transferred prior to McLeodUSA Holdings, Inc.'s or MUSATS' decision to provide Cellular Service in the ILLSMSA CGSA.

(l) the earliest date McLeodUSA Holdings, Inc. determined MUSATS' provision of cellular services within the CGSA would require MCA's withdrawal from the ILLSMSA.

(m) the name or names of persons assigned or designated by McLeodUSA Holdings, Inc. to insure McLeodUSA Holdings, Inc. complied with its contractual obligations as managing partner under the MCA between January 31, 2002 and the present date.

(n) Communications by McLeodUSA Holdings, Inc. to Cass regarding MUSATS' plan to offer cellular service within the CGSA.

(o) Communications by McLeodUSA Holdings, Inc. to Cass regarding its withdrawal of the MCA from ILLSMSA.

(p)    Communications between McLeodUSA Holdings, Inc. and representative(s) of ILLSMSA regarding Cass' desire for continued participation in ILLSMSA.  (See M249).

(q)    Negotiations between McLeodUSA Holdings, Inc. or MUSATS and Verizon relating to MUSATS provision of cellular services within the CGSA.  (See M1833).

(r)    Negotiations between McLeodUSA Holdings, Inc. or MUSATS and AT&T relating to MUSATS provision of cellular services within the CGSA.

(s)    Communications or contacts with any financial institution regarding a letter of credit for the benefit of Verizon or AT&T, including any information regarding the MCA. (See M1833).

(t)    McLeodUSA Holdings, Inc. attendance at the October 21, 2003 meeting held by ILLSMSA. (See M324).

(u)    McLeodUSA Holdings, Inc.'s position regarding ILLSMSA's proposal to amend the ILLSMSA partnership agreement related to allocations (See M316-323).

(v)    McLeodUSA Holdings, Inc.'s communication to Cass regarding ILLSMSA's proposal to amend the partnership agreement related to allocations (See M316-323).

(w)    Communications between McLeodUSA Holdings, Inc. and MUSATS regarding McLeodUSA Holding, Inc.'s  fiduciary duty and/or obligations to MCA between January 1, 2002 and the present date.

(x)    Communications between McLeodUSA Holdings, Inc. and MUSATS regarding MCA's obligations under the ILLSMSA partnership agreement between January 1, 2002 and the present date.

(y)    the corporate structure of McLeodUSA Holdings, Inc. and MUSATS and their relationship with each other.

(z) the historical background of McLeodUSA Holdings, Inc.'s or MUSATS involvement in MCA or ILLSMSA.

(aa) the earliest date McLeodUSA Holdings, Inc. or MUSATS began exploring the possibility of offering wireless service within the CGSA.

(bb) the role and responsibility of Accenture relative to McLeodUSA Holdings, Inc. or MUSATS and the offering of wireless service within the CGSA.

(cc) McLeodUSA Holdings, Inc.'s valuation of its interest in MCA between January 1, 2002 and the present date.

(dd) the financial condition of McLeodUSA Holdings, Inc. and MUSATS between January 1, 2002 and the present date.

(ee) the background and responses to all prior capital calls by ILLSMSA and the claim of waiver by McLeodUSA Holdings, Inc. in its affirmative defense number 2 to the First Amended Complaint.

(ff) the Vulcan project. (See, for example, M1472, M1468, M1890)

(gg) the identity of any documents previously produced that relate to any of the matters upon which McLeodUSA Holdings, Inc. is to be deposed.

**EXHIBIT B**

**DOCUMENTS TO BE PRODUCED BY MCLEODUSA HOLDINGS, INC.**

(1) all documents which evidence or reflect the record retention policy of McLeodUSA Holdings, Inc.

(2) to the extent not previously produced, all documents which support the testimony to be provided under paragraphs (a)-(ff) above.